DAVID HAMILTON v. THE STATE.

CRIMINAL LAW. *Fine and costs. Bond and security for. Remedy.* Where a person has been convicted and fined, and the court accepts his surety given for the same, and he is thereupon released, he cannot be re-arrested at a subsequent term, upon the failure of the sheriff to make the money, and remanded to prison again. The court say: Where security is accepted by the court and defendant discharged, there being no fraud practiced, the remedy is upon the bond or recognizance for the fine and costs.

Code cited: Sections 5239, 5240-41, 5269.

FROM OBION.

Appeal from the Circuit Court. JOS. R. HAWKINS, Judge.

J. G. SMITH for plaintiff.

ATTORNEY-GENERAL HEISKELL for the State.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff in error was convicted in the circuit court of Obion county of unlawfully selling liquor, and was fined, and for the amount of the fine and costs adjudged against him he gave security and was discharged from custody. Execution issued for the fine and costs against plaintiff in error and his surety, and was returned "*nulla bona*" to a subsequent term. Upon this return, the circuit judge made an order for the re-arrest of the plaintiff in error, and upon his failure

to pay the fine and costs adjudged against him; after he had been re-arrested, he ordered him into the custody of the sheriff until the fine and costs should be paid or secured; and from this judgment an appeal was prayed. The punishment imposed in this cause, by the court, was, defendant should pay or secure the fine and costs, and the surety offered was accepted by the court as a compliance with its judgment, and defendant was discharged. The judgment was final, and the court could only use the execution provided by statute to enforce it. It was not competent at a subsequent term to that at which the fine was imposed and security taken to secure its payment, to arrest the defendant because the sheriff had failed to collect the money on the execution, and put defendant in custody because of such failure. The Code authorized the court to imprison, if fine and costs were not paid or security given; but when security is accepted by the court and defendant discharged, there being no fraud practiced, the remedy is upon the bond or recognizance for the fine and costs, and judgment thereon and the execution. Code, Secs. 5239, 5240–41, 5269.

The judgment of the circuit court will be reversed, and plaintiff in error will be discharged from custody.

I dissent from the foregoing opinion. The court, I think, has the power to enforce its judgment, and take all steps necessary for the purpose. The fine and costs have not been paid, and are not in fact secured.                                         McFARLAND, J.