CHARLES MOSLEY v. THE MAYOR AND ALDERMEN OF THE TOWN OF GALLATIN.

CONSTITUTIONAL LAW. *Imprisonment for debt. Fines and penalties. Workhouse.* The constitutional provision that "the Legislature shall pass no law authorizing imprisonment for debt in civil cases," has no reference to the enforcement of the collection of fines, penalties and costs from defendants convicted of the violation of ordinances of a municipal corporation. The defendant so convicted shall be ordered to the work-house to work out said fines, penalties and costs if he fail to secure the same.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county. JO. C. STARK, J.

W. C. DISMUKES for Mosley.

HEAD BROS. for Gallatin.

GARNER, Sp. J., delivered the opinion of the court.

Charles Mosley was tried before the mayor of Gallatin, and found guilty of keeping gambling tables, where money was wagered, and lost, and won, within the corporate limits of said town, and fined $50.00.

He appealed to the Sumner circuit court, where he was found guilty by the verdict of a jury, who assessed his fine at $50.00. The court pronounced judgment in pursuance of the verdict, and directed that if the fine and costs be not paid or secured, he be committed to the work-house at Gallatin, until said fine and costs are paid, or he be otherwise legally discharged.

Defendant's motions for a new trial and in arrest of judgment being overruled, he appeals—the record showing that no question is made as to defendant's guilt; but the only question made is, as to the judgment of the circuit court, sentencing defendant to the work-house, established by the corporation, until the fines and costs are paid.

By section 12, ch. 15 of the by-laws and ordinances of the corporation of Gallatin, keeping gaming tables, or gambling devices, where money and property is put in hazard by games, is declared a misdemeanor, with penalty annexed of not less than $3.00 nor more than $50.00.

By the Code of Tennessee, sec. 1359, sub-sec. 10,

municipal corporations have full power and authority to restrain and prohibit gaming—and by sub-section 19, to pass all by-laws and . ordinances necessary and proper to enforce the powers granted, not inconsistent with the constitution and laws of the United States or of the State of Tennessee.

By section 1359 *a*, the police authority of all the incorporated towns and cities, extends to a distance of one mile from the corporation limits, for the suppression of all disorderly acts and practices forbidden by the general laws of the State.

By the act of March 4, 1881, ch. 82, sec. 1, pamphlet acts, p. 93, entitled an act to amend and enlarge the charter of the town of Gallatin, in Sumner county, the town of Gallatin is given power to erect and organize a work-house in or near said town; and said act further provides, that any person who shall fail or neglect to pay any fine or cost, imposed on him by any ordinance of said town, shall be committed to the work-house, until such fine and cost be fully paid.

It is insisted, in argument for plaintiff in error, that this act is a special law, and forbidden by sec. 8 of article 11 of the Constitution of Tennessee—which ordains, that "No corporation shall be created, or its powers increased or diminished by special laws; but the General Assembly shall provide by general laws, for the organization of all corporations hereafter created, which laws may, at any time, be altered or repealed; and no such alteration or repeal shall interfere with, or divest, rights which have become vested."

In order to declare said act of 1881 unconstitu-

tional, as contended for, we must hold, that municipal corporations are intended to be embraced in the provision cited; and that the restriction as to increasing or diminishing the powers of a corporation, includes municipal corporations in existence at the time of the adoption of the Constitution, as well as those which might be created thereafter.

We are not aware that this provision of the Constitution has been directly construed by this court. Nor is it necessary to construe it, in order to a decision of this case, as will be hereafter seen. Hence we express no opinion as to its intent and meaning.

It is further insisted, that the judgment complained of, is repugnant to the clause in the Constitution, sec. 18, of article 1, prohibiting imprisonment for debt, which ordains that, "the Legislature shall pass no law authorizing imprisonment for debt *in civil cases.*"

Manifestly, this provision has no reference to the enforcement of the collection of *fines, penalties* and *costs* from *defendants,* who have been *convicted of misdemeanors* in the violation of the statutes of the State, or of the ordinances of a municipal corporation.

The act approved March 23, 1875, ch. 83, pamphlet acts, p. 117, entitled an act to require persons convicted of misdemeanors to work out the costs of the conviction, enacts, that every person convicted of a misdemeanor, who fails to pay or secure the fine and costs adjudged against him, or her, shall be sentenced to be confined, and shall be confined in the county workhouse, until he work out his fine and costs; "and that any county not having a work-house, shall, through

32—VOL. 10.

its quarterly court, declare its jail to be the county work-house, and in such cases have all the benefit of all laws providing for work-houses; *Provided*, that any municipality is hereby granted all the rights, powers and privileges granted in this act, to the several counties of this State, with its own or other county."

Under this act, the judgment pronounced in this case, by his Honor, the circuit judge, is authorized, and is affirmed, with costs.