Rogers *v.* State.

## ROGERS *v.* STATE.

### (*Knoxville.*      October 29, 1898.)

WORKHOUSE LAW.   *Power of commissioners to discharge convict.*

  Workhouse commissioners have no authority to release a convict
    while he is still in custody of the Court, and before he has been
    placed in the workhouse; even if the statute authorizing them
    in certain cases to release convicts actually confined in the
    workhouse shall not be held unconstitutional, as an invasion
    of the Governor's prerogative to grant pardons.

Code construed: § 7423 (S.).

---

#### FROM   UNION.

---

Appeal in error from Circuit Court of Union
County.   W. R. HICKS, J.

S. J. AILOR and JOHN P. ROGERS for Rogers.

Attorney-general PICKLE for State.

WILKES, J.   In this case there was a conviction
of assault and battery, with sentence of $50 fine and
six months imprisonment in the workhouse. The
imprisonment was suspended until the next term after
the final judgment.   While thus suspended, the de-
fendant never having been sent to the workhouse,

the Commissioners of the Workhouse made an order releasing and discharging him.

The workhouse law, as it is called, provides that the Commissioners may discharge any prisoner when satisfied, from the certificate of the physician in charge, that he or she is physically unable to do labor, or for any cause, when they may deem it best for the institution and the public good. Shannon, § 7423.

It is insisted by the State that this provision of the workhouse law is invalid and unconstitutional; that it is an exercise of the pardoning power, which is alone vested in the Governor (Constitution, Art. III., Sec. 6), and we are called upon to pass upon the constitutionality of this provision.

We are of opinion we cannot do so in the present case, as the Commissioners clearly exceeded their authority, even if the act were valid and constitutional. In no event could they release a defendant from the custody and sentence of the Court before he had ever been delivered to and placed in the workhouse and under their control and charge. They had acquired no jurisdiction of the defendant, even if the law were valid. Their act was an unwarranted interference with the judgment of the Circuit Court while that Court still had control of the prisoner, and of the judgment, the sentence being suspended.

It appears that the Commissioners issued two pardons, presumably on the idea that, if one was not sufficient, two might be. The first was issued

on the day after the judgment of suspension was ordered, and was presented in open Court at the next term, before the suspension terminated. The Court refused to release the prisoner, and the counsel of defendant thereupon presented the second release, issued as of that date. The Court refused to honor either release, and directed that defendant be placed in the county workhouse for six months, and from this order the defendant appealed. The release, or order of discharge, issued by the board recited that the discharge of the defendant was for the best interests of the institution and the public.

The action of the Circuit Judge was entirely correct, for the reasons we have stated, and his judgment is affirmed, with costs.