## STATE v. HOSKINS.

### (*Nashville.* February 9, 1901.)

1. ABATEMENT. *Plea in abandonment of.*

   A plea in abatement upon which no action was invoked in the lower Court must be treated by this Court as having been abandoned.

2. CONSTITUTIONAL LAW. *Act of 1897, Ch. 114, relating to landlords' and furnishers' liens, valid.*

   A statute does not authorize imprisonment for debt in violation of the Constitution, which makes it a misdemeanor, and punishable as such, to dispose of property, or its proceeds, which is subject to a landlord's or furnisher's lien, with the purpose of defeating the collection of the debts secured by such lien.

   Act construed: Acts 1897, Ch. 114.

3. SAME. *Same.*

   A statute does not embrace two subjects in violation of the constitutional provision, but only two subdivisions of one general subject, which forbids, under the penalties of a misdemeanor, disposition of property subject to landlord's or furnisher's liens with intent to defeat the collection of the indebtedness secured by such liens.

   Constitution construed; Art. II., Sec. 17.

   Act construed: Acts 1897, Ch. 114.

---

FROM RUTHERFORD.

---

Appeal in error from the Circuit Court of Rutherford County. FOUNT SMITHSON, Sp. J.

Attorney-general PICKLE for State.

WHITTAKER & LYTTLE for Hoskins.

WILKES, J. The defendant was indicted in the Circuit Court of Rutherford county. There are two counts in the indictment, one for selling and disposing of corn upon which there was a landlord's lien for rent, and the other count charging that it was a furnisher's lien. Both counts charged that the sale was made for the purpose of depriving the owner of the debt, of the crop and its proceeds. The indictment is predicated upon the Act of 1897, Chapter 114.

There was a motion to quash, which was overruled. There was also a plea in abatement, which does not appear to have been acted upon, and must, therefore, be treated as abandoned.

There was a plea of not guilty, and a general verdict. The judgment of the Court is that for the offense of selling the corn which was under lien, not specifying whether landlord or furnisher's, the defendant be fined $25. There was a motion for new trial and in arrest of judgment, and defendant appealed. It is said the Act of 1897, Chapter 114, is unconstitutional because it authorizes imprisonment for debt. This we think is not well taken. The imprisonment authorized by the Act is for failing to pay the fine imposed for a violation of the law, and unlawfully selling the crop, and is no more im-

prisonment for debt than any imprisonment authorized for failure to pay a fine imposed for the commission of any other misdemeanor.

It is said in the next place that it is unconstitutional because in contravention of Section 17, Article 11, which provides that no bill shall become a law which embraces more than one subject, to be expressed in the title. The contention is that the Act embraces two distinct and separate subjects, landlord's liens and furnisher's liens. We think this criticism not well made. The general subject of the Act is the sale and disposition of crops upon which there are liens, either of landlords or furnishers, with the purpose of depriving the owner of the indebtedness for which the lien exists on the same or its proceeds, and to punish the same. There are not two subjects, but two subdivisions of the same general subject.

Quite a number of errors are assigned. It is not necessary that we should notice them. We are not satisfied with the conviction. We are of opinion that the landlord waived his lien upon this crop, sold by the defendants, and that he either expressly agreed that the tenant might sell the same, and use the proceeds, or led him to believe that in view of the personal security he had taken for the rent, the lien was not a matter of any concern or importance to him and was waived.

State *v.* Hoskins.

This being so there is an absence of criminal intent on the part of the defendant in selling the crop and using and consuming a part of the proceeds.

We therefore reverse the judgment of the . Court below and remand the cause for a new trial.