## J. P. WILLIAMS v. THE STATE.*

### (*Nashville.* December Term, 1926.)

Opinion filed May 7, 1927.

1. **PUBLIC ROAD SERVICE.** Private Acts of 1923, chapter 23. Wagon and team, Montgomery county.

The Act requiring persons owning or possessing wagons and teams to furnish them four days of eight hours each, annually for service on the road, is a valid enactment except the requirement to furnish feed for stock while so engaged; but the invalidity of this particular provision does not destroy the act in its entirety. (Post, p. 367-370.)

Citing: Galloway v. State, 139 Tenn., 484.

2. **STATUTES.** Class legislation. Classification of subjects.

There is no general rule by which to distinguish reasonable from unreasonable classification of subjects further than that the distinction must rest on a real difference, and seem reasonable, when considered from the view point of the legislature. The peculiar circumstances surrounding those classified, coupled with the objects intended, afford, it is said, ground for the classification excluding some including others. (Post, p. 366.)

Citing: Fifth and Fourteenth Amendments Federal Constitution; Art. 1, secs. 8, 18, 21; Art. 11, sec. 8, Constitution of Tennessee.

3. **STATUTES.** Doctrine of stare decisis.

The doctrine of **stare decisis** commands adherence to the rule, especially as applied to the class of Statutes involving particular subjects as approved by reported cases. (Post, p. 368.)

Citing: 7 R. C. L., p. 1000; Hall v. State, 124 Tenn., 238; Cook v. State, 90 Tenn., 407; Peterson v. State, 104 Tenn., 127; Murphy v. State, 114 Tenn., 531; Turner v. State, 111 Tenn., 593; Condon v. Maloney, 108 Tenn., 82; Archibald v. Clark, 112 Tenn., 532.

Citing, and distinguishing: Scandlyn v. Trotter, 153 Tenn., 32.

4. **CONSTITUTIONAL LAW.** Fifth Amendment Const. U. S.; Art. 1, sec. 21, Art. 11, sec. 8, Const. of Tennessee.

The Fifth Amendment of the Constitution of the United States refers to the power of the Federal Government, and imposes no

limitation upon the power of the several States. Its provisions are similar to the restraints imposed by Article 1, Sections 8 and 21 of the Constitution of Tennessee. (Post, p. 366.)

Citing: 12 C. J., par. 163,- pp. 744, 1128; Galloway v. State, 139 Tenn., 484.

5. SAME. Imprisonment for debt. Misdemeanor.

The rule forbidding imprisonment for debt has no reference to fines imposed upon conviction for misdemeanor. (Post, p. 367.)

Citing: State v. Hoskins, 106 Tenn., 430; Mosley v. Gallatin, 10 Lea (78 Tenn.), 494.

---

*Headnotes 1. Constitutional Law, 12 C. J., section 163; 2. Eminent Domain, 20 C. J., section 13; Highways, 29 C. J., section 308; 3. Constitutional. Law, 12 C. J., sections 855, 878; 4. Highways, 29 C. J., section 308; 5. Highways, 29 C. J., section 308; 6. Constitutional Law, 12 C. J., sections 447, 448; 7. Constitutional Law, 12 C. J., section 880; 8. Constitutional Law, 12 C. J., sections 855, 878 (Anno); 9. Constitutional Law, 12 C. J., section 991 (Anno); 10. Constitutional Law, 12 C. J., section 991 (Anno); .11. Statutes, 36 Cyc., p. 976.

---

FROM MONTGOMERY.

---

Appeal from the Circuit Court of Montgomery County. —HON. J. D. G. MORTON, sitting by interchange with the HON. JOHN T. CUNNINGHAM, Criminal Judge.

TRUE & DORSEY, for Williams.

W. F. BARRY, JR., Assistant Attorney-General for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error was adjudged guilty of violating Chapter 23, Private Acts of 1923, in refusing to furnish his wagon and team for public road service. The Act is applicable, by the population classification to Montgomery County. It requires persons owning or possessing wagons and teams to furnish them four days, of eight

hours each, annually for service on the roads of the county.

From the judgment of the court an appeal was prayed, granted, and errors have been assigned through which it is urged that the judgment cannot stand because the Act in question contravenes the Fifth and Fourteenth Amendments of the Federal Constitution, and Article 1, Section 8, Article 1, Section 18, Article 1, Section 21, and Article 11, Section 8 of the Constitution of Tennessee.

The Fifth Amendment of the Constitution of the United States refers to the power of the Federal Government, and imposes no limitation upon the power of the several States. 12 C. J., par. 163, p. 744. Its provisions are similar to the restraints imposed by Article 1, Section 8 and Article 1, Section 21 of the Constitution of Tennessee. In *Galloway* v. *State,* 139 Tenn., 484, the Statute, confined in its application to Marshall County by reference to the Federal Census was sustained by the court. It was held that Article 1, Section 8 and Article 1, Section 21, imposed no limitation upon the power of the State to exact from persons of the community their personal services to the maintenance of county highways, as was done at common law, and by parity of reasoning, that persons owning and using wagons and teams could be required to devote their teams to the performance of a similar duty looking to the better maintenance of the highways.

It is insisted, however, that the Act makes an arbitrary and capricious distinction between citizens within the county, in that it requires persons owning wagons and teams of two horses, to devote them to service on the roads and exempts automobiles, trucks, one-horse wagons and other vehicles from the obligation to perform a similar duty.

There is no general rule by which to distinguish reasonable from unreasonable classification of subjects fur-

ther than that the distinction must rest on a real difference and seem reasonable when considered from the viewpoint of the legislature. The peculiar circumstances surrounding those classified, coupled with the objects intended afford, it is said, ground for the classification excluding some and including others. This would justify the exclusion of one-horse wagons and lighter vehicles which appear to be unfit for the service intended, that of hauling gravel for use on the highways. To include these lighter vehicles might hinder rather than promote the object sought. Trucks and automobiles which are excluded from the class, contribute largely to the construction and maintenance of public roads through direct and indirect taxation which is not assessed against wagons and teams, and this would seem to present a reason for their exclusion from the class required to perform the particular service. We conclude, therefore, that it was not improper to exclude one-horse wagons and lighter vehicles and automobiles and trucks from the class required to perform road service under this Act.

It is further urged that the Act is arbitrary in its classification because it requires citizens residing outside of incorporated towns or using teams outside of such towns, to devote their teams to road duty while those who reside and use their teams within such towns are relieved of service on the highways of the county. This would seem a reasonable exclusion from the class burdened with the duty of road service, because those within the towns owe no special duty toward the maintenance of county highways and are burdened with the maintenance of streets and highways within the corporate limits.

The Act does not violate Article 1, Section 18 of the Constitution because the imprisonment results only from a violation of the Statute, and a refusal to pay the fine imposed under it. The rule forbidding imprisonment for

debt has no reference to fines imposed upon conviction
for misdemeanor. *State* v. *Hoskins,* 106 Tenn., 430; *Mosley* v. *Gallatin,* 10 Lea, 494.

The validity of Statutes limited in their application
to particular counties by reference to the Federal Census
has been sustained in a great number of cases. The doc-
trine has been announced repeatedly that such Acts are
valid if under their provisions all counties may, when
the required conditions arise, fall within the class and
obtain the benefits of the law. However far fetched
might seem the rule, and however vicious may be con-
sidered the practice which produces laws through leg-
islative courtesy by force of the will of the representa-
tive or representatives for a single county, the doctrine
that classification by reference to the Federal Census
if otherwise unobjectionable is permissible cannot be
repudiated after long adherence of its application in ad-
judicated cases sustaining certain Statutes upon par-
ticular subjects. It could not be repudiated without pro-
ducing more or less confusion in every county of the
State. Personal and property rights would be measur-
ably affected and the resultant confusion would be in-
jurious to the State. The doctrine of *stare decisis* com-
mands adherence to the rule, especially as applied to the
class of Statutes involving particular subjects approved
by reported cases for the reason stated in 7 R. C. L., page
1000.

In *Hall* v. *State,* 124 Tenn., 238, a stock law applicable
to Montgomery county was sustained as reasonable in its
classification, and in *Galloway* v. *State,* supra, a road
law applicable to Marshall County and similar to the Act
under review was held valid. Numerous decisions sus-
tain jury laws, stock laws, road laws, and election laws,
limited in their application to a single county, or a class

of counties by reference to the Federal Census. *Cook* v. *State,* 90 Tenn., 407; *Peterson* v. *State,* 104 Tenn., 127; *Murphy* v. *State,* 114 Tenn., 531; *Turner* v. *State,* 111 Tenn., 593; *Condon* v. *Maloney,* 108 Tenn., 82; *Archibald* v. *Clark,* 112 Tenn., 532.

It would serve no purpose here to discuss and distinguish the numerous cases in this State which involve the question of classification by the population standard. Some of the cases hold such Acts invalid because the classification bears no relation to the objects intended. Others sustain Acts upon the conclusion that the classification is reasonable and all counties within the State may, when the required conditions arise, fall within the class.

*Scandlyn* v. *Trotter,* 153 Tenn., 32, relied upon in the brief of counsel was clearly an invalid Act because the subject-matter involved the imposition of taxes upon citizens within the class not imposed upon others similarly situated. No reasons could be conceived why the citizens of the designated population should be given the benefits or onerated with the burdens incident to the legislation, to the exclusion of the citizens of all other counties in the State. The force of this appears when we consider that the legislature in that Act was dealing with a matter of State-wide interest, and notwithstanding attempted to limit the burdens and the benefits to the people of a single county.

If there is reasonable ground for the classification, and the law operates equally upon all within the class it would not violate the Fourteenth Amendment, for the same tests apply as under the Constitution of the State. 12 C. J., page 1128.

The plaintiff in error is not charged with a failure or refusal to feed his team while performing road duty, nor

is he charged with the failure or refusal to supply the wagon-bed suitable for carrying gravel. The requirement to supply the bed for hauling gravel is only an impressment of the bed along with the wagon and team for temporary service, and was not a taking within the meaning of Article 1, Section 21 of the Constitution.

The requirement to furnish feed for the team while engaged in such service would be an unauthorized appropriation of things consumable and which the public was without power to return, but the invalidity of this particular provision does not destroy the Act in its entirety as held in *Galloway* v. *State,* supra.

The judgment of the trial court will be affirmed.