MAGGIE G. REASONOVER *et al., v.* CITY OF MEMPHIS.

*(Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

J. G. REASONOVER and T. B. COLLIER, for plaintiff in error.

WALTER CHANDLER and A. LONGSTREET HEISKELL, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Front foot assessments were made against the property of plaintiffs in error by the Board of Commissioners of the City of Memphis under chapter 341, Acts of 1907, chapter 512, Acts of 1925, and other amendments, for the improvement of Poplar Boulevard between East Parkway and Collins Street. Charging that the action of the Board of Commissioners in making the assessment was

illegal, the assessment proceeding was removed by *certiorari* to the circuit court.

Under chapter 341, Acts of 1907, and amendatory Acts, the board assessed the property abutting the street improved three-fourths of the costs of the improvement and estimated the cost chargeable to each front foot at $14.5544. the actual cost upon completion reduced the cost of the improvement to $11.32 a front foot.

At a hearing there, the trial judge dismissed the petition, holding (1) that the statutes under which the board made the assessments were not unconstitutional as alleged by petitioners; (2) that the improvement was a necessary municipal purpose, and (3) that the assessment by the Board of Commissioners made under chapter 341, Acts of 1907, and amendatory Acts, increased the value of petitioners' abutting property to the benefit of the owners.

The protestants appealed and challenge the accuracy of the judgment of the trial court. They say (1) that chapter 512, Private Acts of 1929, amendatory of chapter 341, Acts of 1907, reducing the cost to the city and correspondingly increasing the burden of the property owner from two-thirds to three-fourths of the total cost of the improvement, is void, because the body and caption of the Act do not correspond and because the amendatory Act is discriminatory. (2) Because the improvement of Poplar Avenue between East Parkway and Collins Street, west end of Aulon Viaduct, conferred no special benefit upon the abutting property; that Poplar Avenue was a well paved highway in good condition, adequate for municipal uses, and that the improvement was made as an extension of two connecting State highways and for general public benefit. (3) That the estimated cost of $14.5544 per front foot was unreasonable and arbitrary

for the foregoing reasons. (4) That the trial judge erroneously refused to credit the cost of improvement with the value of materials removed in widening and improving Poplar Avenue.

There being no explanatory evidence, we are left to infer from the language of the ordinance that the material appropriated by the city was the salvage from buildings and sidewalks torn away in widening the street. There is no evidence in the record that it had a value.

The improvement ordinance was passed in January, 1928. The petition for *certiorari* was filed in March, 1928, and the improvement was under way before the passage of chapter 42, Acts of 1929, requiring the State to aid in building through municipalities. There are suggestions in the brief of appellants and in the record that the improvement was made for the benefit of the State with an understanding that the city would be reimbursed from the State treasury. We find no evidence in the record to sustain the claim. Had that been shown, the abutting assessments would, of course, be reduced to the extent of the contribution made by the State.

The caption of chapter 512, Private Acts of 1925, recites the title of chapter 341, Acts of 1907, which is the Act amended. The title of the original Act limited its application to municipalities having a population exceeding 100,000. The body of the amendatory Act, by a proviso, limits its application to municipalities having a population of not less than 160,000, thus narrowing instead of broadening the Act. The body of the Act comes clearly within the caption and meets the requirements of Article II, Section 17, of the Constitution. *Devine* v. *Grocery Co.*, 97 Tenn., 603, 37 S. W., 390; *State* v. *Schlitz Brewing Co.*, 104 Tenn., 715, 59 S. W., 1033.

■ The amendatory Act does not contravene Article II, Sections 28 and 29, requiring uniformity of taxation, because the abutting property tax is not strictly a tax. It was so declared in *Arnold* v. *Knoxville,* 115 Tenn., 195, 90 S. W., 469.

■ Nor is chapter 341, Acts of 1907, and amendatory Acts class legislation violative of Article I, Section 8, and Article XI, Section 8, of the Constitution.

The statute applies to all cities of more than 160,000 population and affects all citizens alike. Such a classification, according to a long line of cases, is not arbitrary. *Williams* v. *State,* 155 Tenn., 364, 293 S. W., 757. In cities of such size where street traffic is heavy, and where the congestion of population adds to and materially increases the value of real estate, there is apparently a reasonable and substantial relation between population and expenditure for street improvement, and there is a very reasonable and substantial difference in the situation and circumstances of those who own property in the lesser municipalities, thus disclosing the reasonableness and necessity for a difference in the classification. *State* v. *Railroad,* 124 Tenn., 1, 135 S. W., 773.

■ The power to assess under the front foot abutting property Act is measured by the requirements of the community and limited by the benefits conferred upon abutting owners on the streets improved and the reasonableness of the Act applying generally to cities of a class and to all property owners alike in such cities is apparent. Statutes authorizing such assessments when benefit accrues may be constitutionally enforced, and the fact that different statutes authorize different assessment would not render the classification void, as in *Rockwood* v. *Rodgers,* 154 Tenn., 638, 290 S. W., 381.

Petitioners introduced evidence that the street improvement injured their property instead of benefiting it. The city introduced equally credible witnesses and about the same number showing that the property was materially benefited and the value increased by the improvement.

There being evidence to sustain the action of the trial judge upon the facts, they are not open to review.

Affirmed.