STATE FOR USE OF JACKSON COUNTY *v.* STAFFORD.

(*Nashville,* December Term, 1945.)

Opinion filed January 5, 1946.

W. C. ANDERSON, of Gainesboro, for appellant, complainant below.

B. C. BUTLER, of Gainesboro, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

The complainant filed its original bill in the Chancery Court at Gainesboro, in which it prayed for a decree to sell certain interests in land which the defendant is alleged to have inherited from his father, and to apply the proceeds to the satisfaction of a bond which was executed by himself and sureties to secure the payment of a fine and costs due the county. The bill alleges "that on or about June 3, 1941, his sureties gave him up on said workhouse bond, which bond is of record in Book

12, page 86, in the Office of the Chairman of the County Court of Jackson County, Tennessee,'' etc. The amount claimed to be due in the instant case is $149.05, less a credit of $12. The bill alleges further ''that said defendant is now out on his own recognizance, and has no property subject to execution at law.'' It is then alleged that it is necessary to sell the defendant's one-seventh undivided interest in land which he inherited from his deceased father.

The defendant demurred to the bill upon the following grounds: (1) Because the chancery court has no jurisdiction of the cause; (2) the bill shows on its face that the matter has been adjusted, the defendant having paid a portion of the fine and costs secured by him, and his sureties having given him up on said bond, delivered him into custody as provided by law; (3) because complainant mistakes the law applicable to persons who have executed bonds for fines and costs, to the workhouse commissioners, and are afterwards given up by the sureties on said workhouse bond, as they are placed in the custody of the workhouse commissioners until they work out the remainder of their fines and costs, or until otherwise legally discharged; (4) because the complainant mistakes the law applicable to a workhouse prisoner out on his own recognizance, there being no law providing for this; (5) the bill shows that the complainant is not entitled to the relief prayed for against the defendant, nor to any relief.

The chancellor sustained the demurrer and the complainant has appealed.

The assignment of error is that the chancellor committed error in sustaining the foregoing demurrer and in dismissing complainant's bill. The complainant insists that Section 12035 of the Code authorizes this suit and

the chancellor was in error in not so holding. It reads as follows:

"Delinquent bailee.—If the bailee fails to pay the fine and costs, or costs only, according to his agreement, then the judge or chairman of the county court shall, in the name of the state, for the use of the county, proceed against said bailee and the sureties before any justice of the peace or circuit court."

It is unnecessary for us to pass upon the question of whether or not the chancery court has jurisdiction of this cause under Section 10377 of the Code, since we are constrained to hold that the bill fails to state a cause of action. The bill shows on its face that the defendant paid a portion of the fine and costs; that later he executed a bond with sureties to secure it. His sureties finally gave him up to work out his fine for the manifest reason that he failed to pay according to the terms of the bond. We can conceive of no other reason why he was returned to the workhouse. For some reason, not stated in the bill, the workhouse commissioners released him "upon his own recognizance."

We know of no law authorizing commissioners of a county workhouse to release a prisoner except upon the execution of a bond as provided by Section 12030 of the Code and related sections. In *Rogers* v. *State,* 101 Tenn. 425, 47 S. W. 697, the commissioners released a prisoner on the ground of ill health. The trial judge refused to recognize this order of release and his judgment on appeal was sustained.

Section 12030 of the Code expressly provides that, "No prisoner shall be discharged upon the act of insolvency, nor before said fine and costs, or costs only (except litigation tax), have been worked out, fully paid, or secured,

unless by order of the board of commissioners, as hereinafter specified."

We find no provision in the Code which specifies that prisoners may be released by workhouse commissioners.

Section 12026 of the Code provides that, "In all cases where a person is by law liable to be imprisoned in the county jail for punishment, or for failure to pay a fine and costs, or costs only, . . . . he shall be sentenced to be confined, and shall be confined . . . until the fine and costs, or costs only, as the case may be, have been worked out, paid, or secured to be paid."

Code section 12033 provides for bailing persons committed to the workhouse. It is in effect a contract between the prisoner and his sureties and the county. The form of the bond is fixed by the statute and provides that, "Should ——— fail to do so, then [he] is liable to be arrested and delivered to the superintendent of said workhouse, to work out any balance unpaid and the costs of the arrest."

In *State ex rel. Davis* v. *County Com'rs*, 154 Tenn. 141, 285 S. W. 45, 46, it was held that it was not mandatory upon commissioners to accept bonds, but authorized them to "contract with respect thereto."

There can be no doubt of the right of the county to sue on a bond given to secure the fine and costs adjudged against a prisoner under Code section 12035, as where one convicted executes a bond with approved sureties to secure his fine and costs and fails to pay, the State may sue, for the use of the county, the bailee and the sureties on said bond. Such a bond is regarded as a contract, authorized by law, and the suit is one to collect from the bailee and sureties when there is a default in making payment according to the terms of the contract. *State ex rel.* v. *Com'rs, supra.*

██ ██    We know of no authority that authorizes a civil suit against a workhouse prisoner to enforce the collection of a judgment for fine and costs, where he has been committed to said workhouse to work out the amount of said fine and costs (litigation tax excepted). Where a person is convicted, and committed to jail or the workhouse as provided by Code section 12026, but executes a bond with security to pay the same, he may be released. If, for any reason, his sureties turn him over to the superintendent of the workhouse, the bond becomes *functus officio*, and he is required to work out the unpaid balance of his fine and costs. Section 12034 expressly provides that when he is thus given up by his bondsmen, or sureties, they "shall be discharged from further liability on said contract," etc. There is no bond or contract," etc. There is no bond or contract remaining upon which a cause of action can be based.

██    It thus appears that where a prisoner is released "upon his own recognizance" without any legal authority, the only remedy is as provided in Code section 12034 to the effect that he shall be arrested and "shall be delivered to the superintendent of the workhouse, and shall be compelled to work out such part of the original fine and costs as have not been worked out or paid by him under the agreement, and the costs of the arrest in addition."

██    Where the Legislature has by statute provided the county an adequate remedy at law to compel the satisfaction of a judgment in its favor, or to sue upon a contract duly executed to secure said judgment, the chancery court, in the exercise of its inherent jurisdiction, will neither provide another remedy, nor recognize its right to pursue any other remedy. Moreover, when it appears, as it plainly does in the instant case, that the county can compel the satisfaction of its claim by a summary pro-

ceeding, which involves neither cost nor delay, there is no occasion for a suit in equity which necessarily involves extensive and costly litigation.

The assignment of error is overruled and the decree of the chancellor is affirmed.

CHAMBLISS, Acting C. J., GAILOR, J., and TOMLINSON, Special Justice concur.

GREEN, C. J., and PREWITT, J., not participating.