THOMPSON *v.* STATE *ex rel.* BURRIS.

(*Nashville,* December Term, 1949.)

Opinion filed July 15, 1950.

JAMES C. BURNS, JR., of Shelbyville, for plaintiff in error.

EDWIN T. NANCE, of Shelbyville, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This was a habeas corpus proceeding, instituted before the Honorable JOHN D. WISEMAN, Judge of the Circuit Court of Bedford County. After hearing the case the Circuit judge released the prisoner from the custody of the city authorities. The city through its authorized officers duly prayed an appeal to this Court, and has here assigned errors.

It appears that on November 16, 1949, J. E. Burris was arrested for violating a city ordinance of the Town of Shelbyville, making it unlawful to possess intoxicating liquors. He was cited to appear in court where the case was finally disposed of on December 1, 1949, on his pleas of guilty and was fined $50.00 and the costs. The fine and costs were not paid. The city judge permitted Burris to make a bond without sureties which was payable on January 1, 1950. This bond is a verbatim copy

of the statutory bond as is required in workhouse cases, Code, Section 12033. The bond in part provides: "Should the said Ed Burris fail to do so, then Ed Burris is liable to be arrested and be delivered to the Municipal Workhouse authorities to work out any balance unpaid and the costs of arrest. In case of default and arrest, the bailee is only liable for the amount falling due prior to said arrest."

When the costs and fine were not paid on January 1, 1950, Burris was re-arrested and placed in the municipal workhouse. The instant suit followed to have Burris released from the workhouse.

The town of Shelbyville is chartered by Chapter 754 of the Private Acts of 1947. Article 8, Section 3 of this charter specifies the duty, powers, etc., of the city judge of the Town of Shelbyville. Section 3 of the charter referred to provides in part that the city judge may impose fines and forfeitures for violation of City ordinances and he is empowered "to enforce collection of all such fines, costs and forfeitures imposed by him, to accept and receive good and sufficient security for any fines or forfeitures imposed by him, and in default of payment of such fines and forfeitures, or security of payment of the same, commit the offender to the city workhouse or other place provided by the city counsel for such purposes, and to such labor as may be provided by ordinance, until such fine, cost or forfeiture shall have been fully paid at the rate of one days imprisonment for each one dollar of such fines, costs or forfeiture; provided, however, that fine, costs or forfeitures may be paid in such installments as may be provided by ordinance; and provided further, that so called workhouse bonds may be excepted by him in the manner as may be provided by ordinance."

By ordinance of the City of Shelbyville, it is provided that for violation of any of the city ordinances the person violating the same may be fined and "shall immediately pay the same or be committed to the workhouse." This ordinance further provides:

"But it is provided that at any time after his commitment he may pay the remainder of such assessments together with the costs incident to his commitment and thereupon be discharged; and it is further provided that he may be bailed out of said workhouse upon the execution and filing of a workhouse bond with good and sufficient security thereon to be approved by the city judge. Said bond shall be in the form and content substantially as provided in State cases under Section 12033 of the Tennessee Code of 1932."

"Section 3. When any person has been so bailed out of the workhouse and shall fail to pay any installment according to the terms of the bond then he shall forthwith be apprehended and returned to the workhouse where he shall either work out all of said assessments together with the costs of this re-arrest and return or else pay the same in cash and shall not be permitted to be bailed out again for that assessment."

There is no question in our minds but that the city judge went beyond his authority in releasing the prisoner on what amounted to the prisoner's own recognizance. The city judge is only authorized to release or suspend the fine on the defendant giving bond with sureties. In this unauthorized act, though, the defendant is in no position to complain or take advantage of the clemency of the court. In other words, the trial judge did not have the power to suspend the execution of the judgment on the sentence. It is clearly inferable

under this record that the city judge thought that he would suspend this fine under this bond for the time being and give the prisoner an opportunity to pay the fine and that if the fine was not paid then the city would not lose, because under the provision of the ordinance above quoted, which is really a copy of the Code, Section 12034 of the Workhouse Act, if the bond was not paid then the prisoner could be re-arrested and would then have to work out the fine. This was exactly what was attempted to be done, that is, when the prisoner did not pay the fine and costs he was re-arrested and placed in the city workhouse for the purpose of paying this fine. It was to be released from this workhouse term that the instant suit was brought.

The basis for the trial judge's action in releasing the prisoner is our old case of *Hamilton* v. *State*, 68 Tenn. 355. In that case it was held that where a person is convicted and fined, and the court accepts security for the fine and costs, he cannot be re-arrested at a subsequent term upon failure of the sheriff to make the money. The basis of the holding in the Hamilton case, supra, is that in the absence of fraud a re-arrest cannot be made. This case is based upon certain Code sections which are applicable to such a situation when one is arrested and fined under provisions of the State law. By Section 11800 of the Code, it is provided, that "where a fine is assessed, the court shall allow the defendant to confess judgment for the fine and costs, with good sureties." By the next section it is provided, Code, Section 11801, "if the fine and costs are not paid, or the judgment confessed, according to the provisions of the preceding section, the defendant shall be imprisoned until the fine and costs are paid, or he is otherwise

discharged by law." It is then provided, that the clerk shall issue execution "for the fine and costs, or any portion of the same remaining unpaid, as in civil cases." Obviously, these Code sections leave the prisoner in a position of merely owing a civil debt after he has given security and failed to pay the fine. There is no provision under the general code that a capias may be issued and the prisoner re-arrested and made to work out his fine in the workhouse or in jail as provided by the ordinance in question. This ordinance follows generally, and in almost verbatim language, the provision of the Code for workhouse prisoners, Code, Section 12004 et seq. We, therefore, conclude that those cases which follow *Hamilton* v. *State,* supra, and are based on the Code Sections applicable thereto, are not controlling or authority in the instant case.

██ The provision of the ordinance requiring the imprisonment of a defendant for failure to pay a fine is not unconstitutional as violative of Article 1, Section 18 of the Constitution. This Court speaking through Mr. JUSTICE COOK, in *Williams* v. *State,* 155 Tenn. 364, 367, 293 S. W. 757, 758, said: "The act does not violate Article 1, Section 18, of the Constitution, because the imprisonment results only from a violation of the statute, and a refusal to pay the fine imposed upon it. The rule forbidding imprisonment for debt has no reference to fines imposed upon conviction for misdemeanor. *State* v. *Hoskins,* 106 Tenn. 430, 61 S. W. 781; *Mosley* v. *Gallatin,* [78 Tenn. 494], 10 Lea. 494."

██ We think, unquestionably, that if the prisoner had given a bond with sufficient sureties as authorized by the Act and then had failed to comply with the terms of this bond, and the sureties had not paid the fine and

costs, then the city would have had a right to re-arrest the prisoner and confine him until the fine and costs were paid. This statement is in conformity with what this Court said in reference to the workhouse act wherein the present Chief Justice in *State for Use of Jackson County* v. *Stafford,* 183 Tenn. 186, 191, 191 S. W. (2d) 442, 444, said: ''It thus appears that where a prisoner is released 'upon his own recognizance' without any legal authority, the only remedy is as provided in Code Section 12034 to the effect that he shall be arrested and 'shall be delivered to the superintendent of the workhouse, and shall be compelled to work out such part of the original fine and costs as have not been worked out or paid by him under the agreement, and the costs of the arrest in addition.' ''

█ It seems to us, and we hold, that the suspension of execution of the sentence by the city judge under his authority was void. This being true he had a right to have the prisoner re-arrested and taken into custody to the end that the prisoner might serve out his sentence. The annotators of A. L. R. in 141 A. L. R. at page 1229 say: ''According to the great weight of authority, where sentence has been pronounced in a criminal case, but a void order has been entered suspending the execution of the sentence, the defendant may be required to pay his suspended fine or serve his suspended term in prison notwithstanding the making of the unauthorized order suspending the execution of the sentence.''

In a footnote to the statement last above quoted cases are cited from United States courts, many States in the Union including that of *Spencer* v. *State,* 125 Tenn. 64, 140 S. W. 597, 38 L. R. A., N. S., 680. Upon a careful reading of this case, *Spencer* v. *State,* supra, we are

convinced that the principle announced therein is applicable to the factual situation involved in the instant case.

Needless to say this case has given us no little concern. In addition to the excellent briefs filed herein we have made quite an extended independent investigation in arriving at the conclusions above announced. The result is that the judgment of the trial court must be reversed at the cost of the appellee and the cause remanded for the execution of the judgment of the city court.

All concur.