STATE ex rel. BILLY SIEBERS, Defendant in Error,

*v.*

JOE CUMMINGS, Sheriff, Plaintiff in Error.

*(Nashville,* December Term, 1960.)

Opinion filed July 26, 1961.

THOMAS E. Fox, Assistant Attorney General, for plaintiff in error.

MITCHELL & CARMICHAEL, Sparta, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is an appeal by the State from the action of the trial judge in releasing Billy Siebers from custody on a habeas corpus petition. The facts are that Billy Siebers was convicted of driving while intoxicated in the General Sessions Court of White County on July 3, 1960. His punishment was a fine of $50 and costs, the two totalling $77.05. Because of his inability to pay this amount he was ordered committed to the workhouse for the purpose of working out the fine and costs. To avoid confinement on the county road he executed a workhouse bond as provided for in T.C.A. sec. 41-1234, which was signed by his mother and father as sureties. He and his sureties defaulted on said bond. As a result the county judge issued an attachment warrant for his arrest for failing to comply with the terms of said bond and ordered his confinement in the county jail or workhouse to work out the remainder of his fine and costs. This was in accordance with the very terms of the bond itself.

The trial judge on the habeas corpus hearing, although finding that the bond was executed in accordance with the above Code section, released the relator on the theory that the situation was controlled by *Hamilton v. State,* 9 Baxt. 355, 68 Tenn. 355, and *McInturff v. State,* 207 Tenn. 102, 338 S.W.2d 561, and held that the relator could not be rearrested and remanded to prison for failure to pay the amount due and that the only remedy was a civil matter, i. e., a suit on the bond previously given for fine and costs.

We think the trial judge was in error, because those two cases cited deal with another section of the Code, i. e., sec. 40-3203. There was no confession of judgment

in this case as required under T.C.A. sec. 40-3202. The bond was under T.C.A. sec. 41-1234 and the relator's re-arrest was authorized. See *State for Use of Jackson County v. Stafford,* 183 Tenn. 186, 191 S.W.2d 442, wherein the nature of this workhouse bond is discussed and *Thompson v. State ex rel. Burris,* 191 Tenn. 221, 232 S.W.2d 42, wherein the above case is referred to, the case of *Hamilton v. State,* supra is distinguished and the difference between the two Code sections is pointed out. Under the very terms of the bond authorized by statute in the instant case, the re-arrest was authorized.

Reversed and relator ordered taken into custody and confined in the workhouse of White County for the purpose of satisfying the remainder of the fine and costs adjudged against him.

All concur.