CITY FINANCE COMPANY (Discount), Appellee, v. VERNON DOYLE HARRIS and DONALD E. SCOTT, a Partnership d/b/a Harris Motor Company, Appellant. —445 S.W.2d 467.

Western Section. April 19, 1968.

Certiorari Denied by Supreme Court August 5, 1968.

D. L. Pierce, Memphis, for appellant.

Heard H. Sutton, Memphis, for appellee.

CARNEY, P.J. (W.S.). The defendants below, Vernon Doyle Harris and Donald E. Scott d/b/a Harris Motor Company, a partnership, have appealed from an order or decree of the Circuit Court of Shelby County without a jury affirming a judgment of $900.28 rendered against

them in favor of the plaintiff below, City Finance Company, in the General Sessions Court of Shelby County, Tennessee, of date December 8, 1965. His Honor the Trial Judge refused to hear the defendants' appeal on its merits because the appeal was not prosecuted in the Circuit Court of Shelby County at the next term after judgment was granted in the General Sessions Court as required by T.C.A. Section 27-501.

The judgment was awarded the plaintiff in the General Sessions Court on December 8, 1965. The defendants were granted an appeal to the Circuit Court and filed an appeal bond for $1,000 on December 14, 1965, in the General Sessions Court of Shelby County, Tennessee. Thus it appears that the appeal was properly perfected by the defendant within the ten days provided by 27-509.

The next term of Circuit Court of Shelby County began January 17, 1966. However, the Clerk of the General Sessions Court marked the file "closed" by mistake and failed to transmit and file the papers with the Clerk of the Circuit Court of Shelby County until November 15, 1966, when finally requested to do so by defendants' attorney.

Plaintiff's attorney was not informed that an appeal had been prayed and perfected and he began collecting payments from the defendants at regular intervals toward payment of the judgment. Apparently the defendants did not know that their attorney had perfected an appeal or else had forgotten it.

The attorney for defendants stated that it was his custom as well as that of many other lawyers to rely upon the Clerk of the General Sessions Court to "automatically" file the appeal bond and record of any appeal

case with the Circuit Court Clerk within five days and that he relied upon the Clerk to file the appeal timely; finally in November, 1966, he wondered why he had not received notice of a trial setting in the Circuit Court which also was a customary courtesy of the Clerk of the Circuit Court and went to the office of the Clerk of the General Sessions Court; that he then discovered the file marked "closed" in the office of the Clerk of the General Sessions Court and had the Clerk file the appeal with the Circuit Court Clerk.

When the case was placed on the docket in the Circuit Court the attorney for plaintiff below filed a motion to dismiss the appeal because of failure to prosecute for more than one term under T.C.A. Section 27-506 and for the further reason that the defendants had already begun making payments on the judgment rendered in the General Sessions Court. The Trial Judge first overruled the motion to dismiss on the authority of Nash-Echoff Motor Co. v. Kettlewell Bros., 1929, 160 Tenn. 186, 22 S.W.2d 231. His Honor the Trial Judge later reluctantly overruled his first order and held that under the authority of 27-501 and 27-506 and the case of Pierce v. Pierce, 36 Tenn. 77, he was required to and did dismiss the defendants' appeal. The judgment of the General Sessions Court of $900.28 in favor of the plaintiff below, City Finance Company, against the defendants, Vernon Doyle Harris and Donald E. Scott d/b/a Harris Motor Company, was affirmed.

The only assignment of error in this case is that His Honor the Trial Judge erred in dismissing the defendants' appeal from the General Sessions Court without hearing the case de novo. Applicable sections of the Code are:

"27-501. Right of appeal.—Any person dissatisfied with the judgment of a justice of the peace, recorder or other officer of a municipality charged with the conduct of trial, in a civil action, may, within two (2) entire days thereafter, Sundays exclusive, appeal to the next term of circuit court.

"27-505. Filing of papers by justice. — When an appeal shall be perfected from the judgment of any justice of the peace, it shall be the duty of said justice to file the papers in the case in the office of the clerk of the circuit court, at least five (5) days before the meeting of the circuit court. If an appeal is perfected within five (5) days before the meeting of the circuit court, the papers in the case shall be filed in the clerk's office by or on the first day of the term. Any justice of the peace failing to comply with this section shall have no fees or costs allowed in such case.

"27-506. Trials held during circuit court term.—In every civil case tried before a justice of the peace, during the sitting of the circuit court of the county, from the judgment in which an appeal is perfected, the justice of the peace shall, within five (5) days after the appeal has been perfected, deliver the papers in the cause to the clerk of the circuit court; and if the circuit court shall continue in session ten (10) days after the papers shall have been filed with the clerk, the cause shall be placed on the trial docket and stand for trial at that term of court. In such case, either party may demand trial by jury within seven (7) days after the right of appeal has accrued. Nothing in this section shall in any way affect the law as to demanding a jury on the first day of the term of the circuit court at which the case is to be tried.

"27-507. Judgment on default of appellant.—If the justice fail to return the papers within the time prescribed, but return them during the term to which the same are returnable, and the appellant fail to appear and prosecute his appeal, if he is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the justice, against the appellant and his sureties for the debt and cost. If the plaintiff is the appellant, and fails to appear within the term, his suit shall be dismissed, and judgment given against him and his sureties for costs.

"27-508. Affirmance on dismissal of appeal.—If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs."

T.C.A. Section 16-1118 provides that the laws regulating appeals from judgments in civil cases and Justice of the Peace Courts shall apply to and govern appeals from Courts of General Sessions.

In Nash-Schoff Motor Co. v. Kettlewell Brothers, 160 Tenn. 186, 22 S.W.2d 231, judgment was rendered before a Justice of the Peace in favor of the plaintiff on November 28, 1928. Appeal was granted and perfected on November 30, 1928, by filing of an appeal bond. The November, 1928, term of the Circuit Court was then in session in Shelby County, Tennessee. The Justice of the Peace did not file the papers with the Circuit Court within the five-day period provided by T.C.A. Section 27-505. On December 13, 1928, attorney for the plaintiff below filed the appeal papers in the Circuit Court and at the same time filed a written motion for affirmance of

the judgment of the Justice of the Peace because the papers had not been filed within the five-day period provided by statute. The defendant below and appellant in Circuit Court filed an answer to the motion stating that he had been anxious and ready all the time to prosecute the appeal and prayed that the case be set for hearing upon the merits. The next term of Circuit Court of Shelby County did not begin until the third Monday in January, 1929. From the opinion of Judge McKinney we quote as follows:

"In our opinion, it was never the intention of the lawmakers to deprive a litigant, who is present in court at the first term demanding a trial, of a hearing upon the merits merely because the magistrate, for some reason, has not filed the papers within the five-day period.

A litigant has 'a speedy trial,' within the meaning of that term, when he has his case disposed of at the first term.

The original construction given these acts accomplishes the purpose designed and effects justice between the parties. If the appellant desires a hearing at the first term, he can produce, or have produced, the papers and have the case docketed. If the appellant does not appear to prosecute his appeal at the first term, the appellee, upon the production of the papers, can have the judgment of the justice affirmed. The idea was to prevent an indefinite postponement of a trial.

As a practical proposition, we are unable to see how an appellant is going to obtain possession of the papers within the five-day period. There is no statute requiring the magistrate to deliver them to him. On the other hand, the statute requires the justice to file them with

the clerk, and deprives him of his fees if he fails to do so. He would be within his rights in declining to deliver them to any other person than the clerk. If not filed within five days, the clerk could be compelled to do so upon petition for writ of certiorari, but that would be too late, if the five-day rule is given the construction contended for.''

It thus appears that the substance of the opinion of Judge McKinney in Nash-Echoff Motor Co. v. Kettlewell Bros., supra, is that an appellant will not be denied the benefits of his appeal properly perfected if the papers are filed in the Circuit Court by the next term of court after the trial of the case in the lower court.

In Pierce v. Pierce (1856), 36 Tenn. 77, plaintiff recovered a judgment before a Justice of the Peace for Campbell County, Tennessee, on September 22, 1855, and the defendant below perfected an appeal to the January term of the Circuit Court of Campbell County. The papers were not transmitted by the Justice of the Peace to the Clerk of the Circuit Court at the January term, 1856, as required by law and not until the 5th day of May, 1856, which was during the May term of the Circuit Court. Upon motion of the plaintiff the defendant's appeal was dismissed by the Circuit Court and the defendant appealed to the Supreme Court. The appellant in Pierce v. Pierce contended in the Supreme Court on the authority of Humphrey v. Humphrey, 1 Swan 154, that the appellant should not be penalized for the failure of the Justice of the Peace to send the papers to the Circuit Court during the term for which they were returnable. From the opinion in Pierce v. Pierce we quote as follows:

''It is now insisted for the plaintiff in error that it was the duty of the justice to have brought up the

papers to the term to which they were returnable, and that, for his neglect to do so, the appellant was in no default, and that it was an error to dismiss his appeal. To the correctness of this reasoning we cannot assent.

By his appeal, he rendered inoperative the plaintiff's judgment before the justice; and if he is not bound to prosecute his appeal at the term to which it was returnable, what limit have we within which it shall be prosecuted?

If he be permitted to avail himself of the appeal at the succeeding term, why not at the second, or third, or even a more remote term, and thus delay at pleasure the enforcement of the plaintiff's judgment?

Or, should the appeal be entertained at a term subsequent to that to which it is made returnable, what notice has the adverse party that the cause is in court? If the cause is not brought up at the term to which it is returnable, will it be contended that the adverse party is bound to attend, from term to term, ad infinitum, to see if the cause will ever appear upon the docket? We presume that such an absurdity will hardly be insisted on; and yet the consequence must necessarily follow, were we to hold that the party could avail himself of his appeal at a term subsequent to that to which it was made returnable. We have seen that the act of 1809 required the appeal to be transmitted to the court within the first two days of the term, and the act of 1811 limited it to the term to which it was made returnable; but there is no law that makes it available at a subsequent term. And, as we think, sound policy stands opposed to it. It was the duty of the appellant to see that his appeal was brought up at the proper

time; and if the justice failed to do so, he could have applied to the court for a certiorari.''

In the case at bar we hold that His Honor the Trial Judge correctly held that the case of Pierce v. Pierce is determinative and that the Trial Judge properly dismissed the appeal of defendants Harris and Scott d/b/a Harris Motor Company without a hearing upon the merits. The term of Circuit Court to which the defendants perfected their appeal was the term beginning. January 17, 1966, and ending March 21, 1966. Since the appeal papers were not filed in the Circuit Court during this term they became functus officio under the authority of Pierce v. Pierce, supra. The remedy of the defendants-appellants, if any, was by way of writ of certiorari in lieu of an appeal. See McGee v. Grady (1883), 80 Tenn. 89. See also Caruthers History of a Lawsuit, 8th Edition, by Gilreath and Aderholt, Section 527, p. 598. The assignment of error is overruled and the judgment of the lower court is affirmed at the cost of the appellant and the surety on his appeal bond.

Avery, P. J. (W.S.), and Bejach, J., concur.