TERESA G. BRADFORD,                )
                                   )
        Plaintiff/Appellee,        )
                                   )     Montgomery Chancery
                                   )     No.  92-71-434
VS.                                )
                                   )     Appeal No.
                                   )     01-A-01-9603-CH-00121
DONNIE R. BRADFORD,                )
                                   )
        Defendant/Appellant.       )

FILED

June 7, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF MONTGOMERY COUNTY

AT CLARKSVILLE, TENNESSEE

HONORABLE ALEX W. DARNELL, CHANCELLOR

CLEO GREER HOGAN
107 North Third Street
Clarksville, Tennessee 37041
ATTORNEY FOR PLAINTIFF/APPELLEE

THOMAS R. MEEKS
137 Franklin Street
Clarksville, Tennessee 37040
ATTORNEY FOR DEFENDANT/APPELLANT

MOTION OF THE APPELLANT IS OVERRULED.

                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

TERESA G. BRADFORD, )
         )
  Plaintiff/Appellee,  )
         ) Montgomery Chancery
         ) No. 92-71-434
VS.       )
         ) Appeal No.
         ) 01-A-01-9603-CH-00121
DONNIE R. BRADFORD, )
         )
  Defendant/Appellant. )

O P I N I O N

On May 16, 1996, appellant moved this Court to rule that this cause is properly before this Court.

It appears that, on June 9, 1995, this Court dismissed a previous appeal from a judgment that did not dispose of all issues pending before the Trial Court.

On March 18, 1996, appellant filed in this Court, the following motion:

> Comes now, Donnie R. Bradford, pursuant to Rule 22 of the Tennessee Rules of Appellate Procedure and respectfully petitions this court for an order which would allow the appellant, Donnie R. Bradford to proceed with his appeal from a judgment of the Chancery Court of Montgomery County, Tennessee. The movant would show that he filed a notice of appeal and the court ruled that said notice of appeal was premature due to a lack of a final order addressing the issue of back child support. The movant would show subsequent to this court's decision, the parties entered an order which stated that there was no back child support due at the time of the initial appeal by the appellant. (See exhibit one). The positions of the appellant and the appellee are the same as they were on the 24th day of May, 1995. The appellant requests that his notice of appeal be treated as [if it had] been filed subsequent to the parties' agreed order as evidenced by Exhibit One of this motion. The appellant avers that Rule 4 of the Tennessee Rules of Appellate Procedure allows a premature notice of appeal to be treated as filed after the entry of the judgment from which the appeal is taken. The movant respectfully prays that this court issue an order requiring the Clerk and Master to transfer the record of the trial court proceedings to this court so that a proper review of the trial court's decision can be made. (See exhibit two).

Exhibit One to said motion is an agreed order entered on February 1, 1996, reading as follows:

> This cause came on to be heard December 22, 1995 upon the Motion filed June 26, 1995 of the defendant to declare there was no back support due and upon the Notice of Withdrawal of Petition for Contempt filed in this cause on September 20, 1995 pertaining to a Petition for Contempt filed on May 11, 1993 and upon the Notice of Withdrawal of the Petition for Contempt filed on September 20, 1995 pertaining to a Petition for Contempt filed on May 20, 1994 by the plaintiff and upon the record as a whole and on the representation of counsel for the parties.
>
> The court finds that the parties are in agreement that the Final Decree of Absolute Divorce filed in this cause on June 15, 1994 was entered with consideration for the respective Petitions for Contempt and that defendant's motion to declare there was no back child support owed at the time of entry of the Final Decree is well taken, and should be granted.
>
> Wherefore, premises considered; it is hereby ordered, adjudged and decreed that the Final Decree of Absolute Divorce in this cause contained consideration of the respective Petitions for Contempt that have now been withdrawn by the plaintiff and there was not at the time of the entry of the Final Decree on June 15, 1994 any issue of Contempt in this cause and that defendant's Motion for the Court to find that all child support arrearages had been resolved by the Final Decree is granted.

Also attached to said motion is the following affidavit:

> I, Thomas R. Meeks, hereby state and aver that I have been the attorney of record for Donnie R. Bradford from the inception of the divorce proceedings filed in Montgomery County Chancery Court, Docket Number 92-71-434. On May 24th, 1995 the Court of Appeals determined that the appeal that the appellant had perfected in case number 01-A-01-9505-CH-00207 should be dismissed on the basis that an issue of back child support had not been resolved by the trial court. Both attorneys of record, Cleo Hogan, attorney for appellee, and myself recognized that the issue of back child support was non existent and not a viable issue which either party sought the Court of Appeals to address. An agreed order acknowledging that back child support was not an issue and that all child support arrearage had been resolved by the final decree which the appellant sought to appeal in case number 01-A-01-9505-CH-00207. The respective parties' positions are the same prior the entry of the Court of Appeals order to dismiss, Donnie R. Bradford's appeal as it stands today. (See March 11th, 1996 letter from Cleo Hogan). Neither parties' positions have been changed, altered, or modified by the entry of the agreed order in the Chancery Court for Montgomery County, Tennessee on

February 1, 1996. The appellant did not file a notice of appeal after entry of the February 1, 1996 Chancery Court order. It is the affiant's belief that relief under Rule 2 and Rule 4 of the Tennessee Rules of Appellate Procedure allows this court to utilize the notice of appeal filed in 01-A-01-9505-CH-00207, and allow the appellant to proceed with his appeal without filing another notice of appeal after the entry of the agreed order filed by the parties in the Chancery Court of Montgomery County, Tennessee.

On March 29, 1996, this Court entered the following order:

On May 24, 1995, this court dismissed the appellant's appeal for lack of a final order. The trial court apparently entered a final order on February 1, 1996 but the appellant failed to file a new notice of appeal within the time permitted by Tenn. R. App. P. 4. The appellant has now filed a motion requesting an order allowing his appeal to proceed based on his original notice of appeal. The appellant's request addresses itself in the first instance to the trial court. This court declines to rule upon the appellant's right to appeal unless and until the trial court has ruled on the issue.

It is, therefore, ordered that the appellant's motion be overruled.

On May 16, 1996, the appellant filed in this court the first mentioned motion reading as follows:

Comes the movant, Donnie Ray Bradford, by and through his attorney, Thomas R. Meeks, and respectfully requests the Court to rule that this case is properly before the Court and there are no issues left for the trial court to review or try. This matter is accepted by the Court of Appeals for proper review. The movant further requests that any failure on the part of Donnie Ray Bradford to file a new notice of appeal is excused pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure.

T.R.A.P. Rule 4(d) reads as follows:

**(d) Premature Filing of Notice of Appeal -** A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.

As explained in the Committee Comment, the quoted provision was for the limited purpose of preserving the validity of a notice of appeal filed after entry of final judgment but before the disposition of post-judgment motions such as motions to alter or amend. It was

not intended to validate notices of appeal filed, for example, with the complaint. Nor was it intended to preserve the effectiveness of a notice of appeal from a non-final judgment when that appeal is dismissed by the appellate court for lack of a final judgment.

When the previous appeal was dismissed, the appellant had the opportunity of petition to rehear and/or application for permission to appeal to the Supreme Court. Upon the expiration of the time for same or the exhaustion of such remedies, the judgment of this Court was final, and not subject to revision by this Court.

The agreed order of February 1, 1996, if it completed the disposition of all issues before the Trial Court, constituted a final judgment from which a new appeal on all issues was available by timely notice of appeal which, apparently, was not filed.

The motions of March 18, 1996, and May 16, 1996, are an effort to rely upon the original notice of appeal from the non-final judgment. By Rule 4(d), said notice was deemed to have been filed on the date of entry of the judgment "from which (the appeal) was taken." Undoubtedly, the judgment named in the notice was the non-final judgment. It has served its purpose by causing a record to be transmitted to this Court. Having served its purpose, it became "*functus officio*" (a task performed). *Black's Law Dictionary,* Fourth Edition, p.802, and useless for any further purpose. *City Finance Co. v. Harris,* 60 Tenn. App. 188, 445 S.W.2d 467 (1968); *State v. Stafford,* 183 Tenn. 186, 191 S.W.2d 442 (1946).

The motions seek relief under T.R.A.P. Rule 2, but said rule specifically denies to this Court the power to waive the timeliness of a notice of appeal.

The motion of the appellant is overruled, and appellant is taxed with accrued cost for which execution may issue.

MOTION OF THE APPELLANT IS OVERRULED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE