## HALFACRE *v.* STATE.

### *(Nashville.   December Term, 1903.)*

1.  **FINE AND COSTS.  Judgment for, must be secured by more than one surety—Valid judgment not reversed because based on wrong reason.  Case in judgment.**

    Plaintiff in error, convicted of a misdemeanor in a circuit court, was fined and taxed with the costs of the case.  Thereupon he offered to secure such fine and costs by one of the attorneys of the court who was solvent, good for the amount, and who expressed a willingness to become such surety and tendered himself with the plaintiff in error.  The court declined to accept the attorney as surety and the plaintiff in error being unable to procure any one else, was sentenced to the workhouse.  From this judgment he prayed and was granted an appeal.

    *Held*:   1.  The statute providing that a defendant may "confess judgment for the fine and costs with good sureties," and thereby secure a discharge, is mandatory.

    Code cited and approved:   Secs. 7214, 7215 (S.)

    2.   The statute prohibiting attorneys from becoming sureties upon any bail bond or recognizance for the appearance of defendants in pending criminal cases does not apply to a case where a fine is assessed, and does not inhibit an attorney from becoming a surety for such fine.

    Statute construed:   Acts of 1903, ch. 48.

    3.   The appeal was from a final judgment on the verdict, and was properly allowed.

    4.   The tender of the surety was properly made to the court.

    5.   A tender of only one surety is insufficient under the provision of the statute allowing a defendant to confess judgment for a fine and costs with good "sureties."

    112 Tenn—39

6. The judgment sentencing defendant to the workhouse was valid and correct on the record, and will not be reversed, although the trial judge assigned a wrong reason for his action.

FROM PUTNAM.

Appeal in error from the Circuit Court of Putnam County.—W. T. SMITH, Judge.

R. B. CAPSHAW, for Halfacre.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was convicted of a misdemeanor in the circuit court of Putnam county, and was fined one cent, and taxed with the costs of the cause. Thereupon he offered to secure such fine and costs, one of the attorneys of the court who was solvent, and good for the amount, expressing a willingness to become such surety, and tendering himself with the plaintiff in error. The court declined to accept the attorney as surety, and, the plaintiff being unable to procure any one else, he was sentenced to the workhouse to work out the said fine and costs. Thereupon he appealed to this court, and has assigned errors.

Halfacre v. State.

The statute bearing upon the question is found in Shannon's Code, section 7214, which reads as follows:

"In cases where a fine is assessed, the court may allow the defendant to confess judgment for the fine and costs, with good sureties."

The word "may" in statutes usually indicates that the act to which it refers is discretionary, rather than mandatory, and will be so construed unless the context indicates a different meaning.

The section immediately following the one just quoted reads as follows:

"7215. If the fine and costs are not paid, or the judgment confessed, according to the provisions of the preceding section, the defendant shall be imprisoned until the fine and costs are paid, or he is otherwise discharged by law."

Construing the two sections together, we are of the opinion that section 7214 is mandatory, and that the prisoner, in a case to which the statute applies, has always the right to bring with him proper sureties, and that upon the confession judgment by himself and sureties before the court for the time and costs he must be discharged.

The refusal of his honor was based upon chapter 48, page 89, Acts 1903, which reads as follows:

"That hereafter it shall be unlawful for any attorney practicing in the courts of this State, to sign any bond, or enter into any recognizance, as surety, for the appearance of any defendant or defendants in any criminal

case pending against such defendant or defendants in said courts.

"Sec. 2. Be it further enacted, that any attorney violating the provisions of the foregoing sections shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than twenty-five ($25.00) dollars, nor more than fifty ($50.00) dollars."

It is obvious that this statute does not cover a case like the present—the confession of judgment for a fine and costs—but only to bonds and recognizances for the appearance of a defendant for trial. It is due to the learned circuit judge to say that at the time he refused to accept the attorney in the manner above stated the act (as we are informed by counsel) had not been published, and he had been misinformed as to its terms.

It is insisted for the State, however, that the case is not properly here; that the surety should have been tendered to the clerk, and, if refused, a writ of *habeas corpus* should have been sued out; and that no appeal would lie, under the facts stated.

We have already indicated that the tender of the surety was properly made to the court for confession of judgment. This results from the very terms of the statute.

But it is suggested that the order of imprisonment was not such a final judgment as would authorize an appeal. We think this a mistaken view. What was really done was this: The jury returned a verdict of guilty. The plaintiff in error made a motion for a new

trial, which was overruled.     The court then adjudged
that the plaintiff in error "for his said offense pay the
sum of one cent and all the costs of the cause." The
plaintiff in error then tendered the surety in the man-
ner above stated.     This was refused by the court, and
the final entry made as follows:

"It is therefore considered by the court that the de-
fendant, John Halfacre, undergo confinement in the
workhouse of Putnam county, at hard labor, until he
work out said fine and costs, or is otherwise legally dis-
charged."

To this action of the court the defendant (plaintiff in
error here) excepted, and prayed an appeal, which was
granted.

So the appeal was really from the judgment of the
court rendered upon the verdict, when that judgment
had attained its complete form; that is, upon the lia-
bility being fixed, the defendant below tendered a statu-
tory form of settlement, which was refused by the court,
and judgment rendered against him on the verdict, just
as if no such tender had been made.

The defendant had the legal right then to appeal from
such final judgment, and upon that appeal we can prop-
erly determine whether the sentence was legally pro-
nounced.

We are of the opinion that, if the defendant below
had brought with him two solvent sureties, and all of
them had offered to confess judgment before the court
for the fine and costs, it would have been the duty of

the court to accept them, and discharge the defendant, regardless of the fact whether the sureties were attorneys at law or not. But only one surety was brought and for this reason the action of the court below in declining to accept him as a sufficient surety was correct. The statute says "sureties," indicating that, as a condition of the right, the defendant must bring with him more than one. It is immaterial that the circuit judge assigned a wrong reason for his action. If it appears to be correct on the case made by the record, it will be sustained notwithstanding. It follows that there was no error in the refusal of his honor to accept the confession of judgment of the defendant and of the attorney referred to and to discharge the prisoner.

The judgment therefore must be affirmed, and the cause remanded for further proceedings in accordance therewith.