BEN SELLS *v.* THE STATE.

(*Nashville.* December Term, 1927.)

Opinion filed March 31, 1928.

1. BILL OF EXCEPTIONS. TIME FOR FILING. MOTION TO STRIKE.

The Act of the Legislature which permits the filing of Bill of Exceptions within thirty days after the disposition of a motion for a new trial at a subsequent term of the trial term, does not authorize the trial judge to extend the time beyond thirty days, and the Bill of Exceptions will be striken out on motion of the Attorney-General if not so filed. (Post, p. 612.)

Citing: Acts of 1919, chapter 157; Acts of 1921, chapter 72; Scopes v. The State, 152 Tenn. (25 Thomp.), 424.

2. ASSIGNMENTS OF ERROR. BILL OF EXCEPTIONS. TECHNICAL RECORD.

Where the Bill of Exceptions is striken from the record assignments of error directed to matter beyond the technical record cannot be considered. (Post, p. 612.)

3. PUBLIC OFFICERS. APPEAL. PRESUMPTION.

On appeal, as to matters not fully disclosed by the record, the presumption is that officers charged with a duty have performed it. (Post, p. 612.)

4. APPEAL. MOTION FOR A NEW TRIAL.

An omission of a record to show that an officer was sworn to take charge of a jury in a felony case, which was not brought to the attention of the trial judge in any ground of a motion for a new trial and the error assigned for the first time in this court, where there is no evidence in the record that an officer was not sworn, or that the jurors were allowed to disperse, this court must rest the

case upon the legal presumption in favor of the regularity of the proceedings. (Post, p. 612.)

Citing: Hobbs v. State, 121 Tenn. (13 Cates), 413; Clark v. State, 67 Tenn. (8 Bax.), 591; Robertson v. State, 72 Tenn. (4 Lea), 425.

---

*Headnotes 1. Criminal Law, 17 C. J., section 3434; 2. Criminal Law, 71 C. J., section 3470; 3. Criminal Law, 17 C. J., section 3560; 4. Criminal Law, 17 C. J., section 3568.

---

FROM FRANKLIN.

---

Appeal from the Criminal Court of Franklin County. —HON. LESLIE R. DARR, Judge.

FRANK L. LYNCH, for plaintiff in error.

J. W. COOPER, Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error was convicted of voluntary manslaughter for killing Horace Sparks in December, 1926. Through assignments of error it is urged that the conviction should be reversed and a new trial granted, (1) because the evidence preponderates against the verdict. (2) For numerous errors in the charge to the jury. (3) To let in newly discovered evidence, and (4) because the jury was not placed in charge of an officer sworn to keep them apart from outside influences.

The first three propositions relate to assignments of error dependent upon a bill of exceptions. The case was tried and the jury reported a verdict at the April Term, 1927, when a motion for new trial was filed and continued until the succeeding term of Court, when it was disposed

of by the trial Judge. An order was then entered allowing defendant sixty days within which to file a bill of exceptions. The bill of exceptions was filed more than thirty days after defendant's motion for a new trial was overruled.

*(1)* Chapter 157, Acts of 1919; Chapter 72, Acts of 1921, permit the filing of a bill of exceptions within thirty days after disposition of a motion for a new trial at a term subsequent to the trial term. The Statute does not authorize the trial Judge to extend the time beyond thirty days. The Attorney-General moved to strike the bill of exceptions because not filed within the time prescribed by Statute, and the motion must prevail. *Scopes* v. *State,* 152 Tenn., 424. *(2)* Assignments of error directed to matter beyond the technical record cannot be considered.

*(3)* It is said, however, that the verdict should be set aside for error on the face of the record which discloses that a jury was impaneled April 29, respited until April 30 when a verdict was reported, and that it must be inferred from the record that the jurors were allowed to disperse. The entry is silent as to whether an officer was sworn to take charge of the jury, but there is no affirmative evidence that the trial Judge did not observe the requirement that jurors in felony cases are to be kept together and not subjected to outside influence.

It is ordinarily presumed, on appeal as to matters not fully disclosed by the record, that officers charged with a duty have performed it.

*(4)* The entry showing the verdict of the jury shows also that notice was immediately given of motion for a new trial. The motion for a new trial was filed at the April Term and continued until September 5, 1927. The

omission here relied on as reversible error was not brought to the attention of the trial Judge in any ground of the motion for a new trial and the error is assigned for the first time in this Court. It cannot be assumed from the fact that the entry fails to show that the jurors were placed in custody of an officer sworn to keep them, that the trial Judge failed to observe this part of the procedure; it might as well be assumed that it was done and the clerk omitted making record of it. With the presumption that maintains in this Court in favor of the regularity of judicial proceedings in the trial Court, and with nothing in the record of an affirmative character to the contrary, the bare omission would not authorize a reversal, for there is no evidence in the record that an officer was not sworn, or that the jurors were allowed to disperse, and we must rest the case upon the legal presumption in favor of the regularity of the proceeding. *Hobbs* v. *State,* 121 Tenn., 413; *Clark* v. *State,* 8 Bax., 591; *Robertson* v. *State,* 4 Lea, 425.

Affirmed.