## MAROVICH *v*. STATE OF·INDIANA.

[No. 25,479.   Filed November 20, 1930.]

*McMahon & Conroy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant stands convicted of the crime of transporting intoxicating liquor in an automobile, as defined by Acts 1923, ch. 34, §1.   Error is assigned upon the decision of the court overruling his motion for a new

trial.   The reasons for a new trial are:   (1) That the finding of the court is contrary to law, and is not supported by sufficient evidence; (2) irregularity in the proceedings of the court, and abuse of the court's discretion, by which appellant was prevented from having a fair trial;   (3) that he was not permitted to be heard by himself and counsel; (4) for accident and surprise which ordinary prudence could not have guarded against, in that, before the close of introduction of evidence in support of the defense, appellant stated to the court:   "If I get a lawyer, I can present everything to the court," and asked the court to "take this under advisement and pass upon it."

Concerning the sufficiency of the evidence to sustain the court's finding of guilty:   The police officers, who were witnesses, testified that they came upon appellant in an automobile parked upon the left side of the public highway in the city of Gary, in the night; when they approached appellant, he started off in his automobile at a speed of 59 miles an hour; the police followed him, and saw something thrown from the automobile; they overtook appellant and arrested him, returned to recover the article thrown from the automobile, and found it to be a five-gallon can of "moonshine" whisky.   This evidence, with the proof of the venue, was sufficient to sustain the finding of guilty of the crime of transporting intoxicating liquor in an automobile.

Concerning the alleged abuse of discretion by the court in not appointing a lawyer to defend appellant, and thereby depriving him of a constitutional guaranty (Constitution, Art. 1, §13), and by not advising appellant of the nature of the crime he was charged with having committed, by failing to advise him of the penalty which the statute provided for its violation, appellant relies upon a colloquy between the judge of the court and himself, which occurred before the introduction of evi-

dence, and when appellant was not under oath. This colloquy is sought to be presented to the court by the bill of exceptions of the evidence, wherein it precedes the evidence. The colloquy shows that appellant had seen a lawyer, but he did not retain him because the lawyer wanted too large a fee, and that he couldn't get any other lawyer. Appellant did not say that he had no money or property sufficient to retain a lawyer, or that he had ever made the effort to retain a lawyer who would defend him for a fee that he could pay.

The record does not advise the court on appeal that the trial court did not make inquiry of appellant, before he waived arraignment and entered his plea of not guilty, whether he had retained a lawyer to defend him, and if he had not, whether he was financially able to pay a reasonable fee to a competent lawyer for his services. In the absence of such a showing, it must be presumed that the trial court did advise appellant of the penalty made for violation of this statute, and made inquiry of appellant concerning his ability to employ a lawyer before appellant waived arraignment. In the absence of a showing by the record that error was committed, the judgment will be presumed to be based upon proceedings and a trial which will sustain it. *Straw* v. *State* (1925), 197 Ind. 606, 149 N. E. 430, 151 N. E. 695; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775.

The record presents an unusual case: Appellant, without legal counsel, by appearance in his behalf, waived arraignment and pleaded not guilty. Upon his trial, the cross-examination of the State's witnesses and the direct examination of several witnesses for the defendant were by questions and answers. Appellant testified in his own defense by making a long detailed statement of facts without interruption or objection. At the end of his statement in

evidence, answering the question of the prosecuting attorney, "Is that all, Nick," he said: "That's all. If I get a lawyer, I can present everything to the court. If the court please, if the court take this under advisement, and pass on it." It is admitted in appellant's brief that he acted as his own lawyer, and conducted the trial of his case, and that he made no objection save as here shown. If his statement was sufficient request, had it been made before the trial, to warrant the appointment by the court of a lawyer to defend him at the expense of the State, such request having been made at the close of the evidence in defense, it comes too late. A party defendant in a criminal case may not play with the court with the hope of judicial relief at the end of his defense, if the party fears the consequences of the trial to be a finding of guilty. The record does not disclose that the trial court abused its discretion in the manner alleged by the assigned error. The finding of guilty is not shown to be contrary to law.

Judgment affirmed.