NICHOLS *v.* STATE.

(*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

HUGH T. SHELTON, of Columbia, for petitioner-plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a proceeding to recover possession of eight cases of whisky. It seems that the whisky was being transported from Nashville, as it is claimed, to a point in Alabama. Petitioner Nichols was on December 10, 1942, found by a Tennessee highway patrolman in possession of this whisky. It was delivered to the sheriff of Maury County and was in the latter's possession on June 15, 1943. The record does not disclose when the petitioner was indicted by the grand jury in Maury County for the unlawful possession of intoxicating liquor, but it does appear from the petition filed on June 18, 1943, and the order entered on November 16, 1943, that on June 11, 1943, the petitioner was acquitted. The petition was not filed until June 18, 1943, which was after the petitioner had been acquitted by the jury.

The question presented on the technical record is whether or not the trial court was in error in holding that the petition filed seeking the return of the whisky came too late, thus precluding petitioner from regaining possession of the property which he insists was being lawfully transported from the State of Tennessee to the State of Alabama. The petition does not aver that the officer who took possession of the whisky did not as provided by section 11226 of the Code deliver the same within five days to the sheriff of Maury County. There is no averment that the sheriff did not within five days after taking

possession of the whisky file with the circuit court of the county a written statement showing the kind and quantity of whisky received by him from the highway patrolman. In the absence of such averment it will be presumed that both the highway patrolman and the sheriff performed their official duty of (1) delivering the whisky to the sheriff, and (2) the filing of the report of the kind and quantity of whisky confiscated with the clerk of the circuit court of Maury County. *Sells* v. *State*, 156 Tenn., 610, 4 S. W. (2d), 349.

█ By section 11231 of the Code it is provided as follows:

"Claim to liquor made by petition, within what time; sheriff to make return as to notices.—All persons claiming any interest in intoxicating liquors seized in accordance with the provisions of this article shall do so by petition, which petition shall be filed in the circuit or criminal court of the county in which such liquors were seized within ten days after the filing of the statement showing the seizure thereof, required in section 11225; provided, however, that persons for whom advertisement is made by notice as herein required may file such petition within the time set out in said notice. It shall be the duty of the sheriff to ascertain what notices have been posted by the clerk in accordance with the provisions of this article and make return thereof to the court as hereinbefore provided."

The petition failing to make the above averments is fatal, and the judgment of the circuit court dismissing the petition is affirmed.

GREEN, C. J., and CHAMBLISS, NEIL, and GAILOR, JJ., concur.