EDGEMON *et al.* v. STATE.

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

Thomas E. Mitchell, of Johnson City, for defendants.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

These defendants were convicted under a two count indictment charging them with keeping and exhibiting gambling devices and with keeping a gambling house. On each count, they were fined $500.00 and sentenced to eleven months and twenty-nine days in the workhouse, but all but one month of the workhouse sentence was suspended. These convictions will be affirmed but the judgments are modified so as to impose fines and sentences on only one count of the indictment.

The defendants were the proprietors of a confectionery in Johnson City known as Jay's Place. One A. M. Butler, who was investigating conditions in Johnson City with reference to vice and gambling, visited this place on April 4, 1951. He went into a back room where three men, one of whom was Brandt, were playing cards at a table. There was money on the table and Butler testified that at the end of each round of play, one of the men would reach out and take the money. On the wall in this same room was a baseball scoreboard and nearby was a Western Union ticker machine. According to Butler, baseball scores were received on this machine and then placed on the scoreboard. On this occasion Butler purchased five baseball tickets from Brandt for the sum of $2.00. These tickets contained designations indicating payoffs on the winning ticket in the amount of $10.00, $25.00 or $50.00. On the following day, Butler again visited the back room of Jay's Place and observed another card game there in progress, with money on the table.

The defendants did not testify. One of the principal contentions made by the defendants is that they were denied a fair trial because they were not represented by counsel. They did not contend that they were deprived of representation by counsel.

It is suggested in the proof that Edgemon represented himself and that Brandt was without counsel. The record indicates that Edgemon represented both defendants. Edgemon cross-examined each of the state's witnesses and seems to have done all in his power to defend himself and his co-defendant. There is nothing in the record to indicate whether defendants were able to employ counsel or why they were not represented by a lawyer.

 A defendant is not unlawfully deprived of representation by counsel where he intentionally and competently waives the right to such representation. *Cogdell* v. *State,* 193 Tenn. 261, 246 S. W. (2d) 5.

We must indulge the presumption in favor of regularity of judicial proceedings concerning matters not fully disclosed by the record. *Sells* v. *State,* 156 Tenn. 610, 4 S. W. (2d) 349; *Wilson* v. *State,* 190 Tenn. 592, 230 S. W. (2d) 1014.

In 3 A. L. R. (2d) 1051, it is stated:

"It is generally held that in the absence of convincing proof that the trial court failed to advise an accused of his right to counsel, a presumption of regularity in the proceedings in the trial court prevails."

In *Marovich* v. *State,* 202 Ind. 274, 173 N. E. 326, 327, the court said:

"The record does not advise the court on appeal that the trial court did not make inquiry of appellant, before he waived arraignment and entered his plea of not guilty, whether he had retained a lawyer to defend him, and if he had not, whether he was financially able to pay a reasonable fee to a competent lawyer for his services. In the absence of such a showing, it must be presumed that the trial court did advise appellant of the penalty made for violation of this statute, and made inquiry of appellant concerning his ability to employ a lawyer before appellant waived arraignment. In the absence of a showing by the record that error was committed, the judgment will be presumed to be based upon proceedings and a trial which will sustain it."

 The Supreme Court of the United States, in *Bute* v. *People of State of Illinois,* 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986, held that a conviction in a state court

did not operate as a deprivation of due process under the Fourteenth Amendment for failure of the record to show that the court inquired as to defendant's desire to be represented by counsel, or his ability to procure counsel, or his desire to have counsel assigned to him to assist him in his defense, or that such counsel was offered or assigned to him. These doubts are all resolved in favor of the integrity, competency and proper performance of the duties of the judge and the state's attorney.

█ █ It appears that the defendant Edgemon dismissed his appeal herein and the defendant Brandt was the only one before this Court. In *Helton* v. *State*, Tenn. Sup., 260 S. W. (2d) 260, we held that an appeal amounts to a rejection of the court's order to suspend part of the sentence. See Code, Sec. 11802.1 as to the authority of the trial court to suspend sentences. Accordingly, the judgment in this case will be further modified so as to eliminate the order suspending the sentence as to Brandt. The judgment of the lower court as to Edgemon will remain in full force and effect.

As modified, the judgment of the lower court is affirmed.