HELTON *et al. v.* STATE.

(*Jackson,* April Term, 1953.)

Opinion filed June 5, 1953.

MARTIN EXUM, of Jackson, for plaintiffs in error.

NAT TIPTON, Assistant Attorney General, for the State.

492

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

On an indictment charging them with an assault upon Randolph Kendricks with intent to commit first degree murder J. C. Helton was convicted of assault with intent to commit voluntary manslaughter and sentenced to two years and one day in the penitentiary. His brothers, Jim Crow and Newt, were convicted of assault and battery with punishment fixed at six months confinement in the workhouse. Each of the three has appealed.

The jury recommended that the workhouse sentence imposed upon Jim Crow and Newt Helton be suspended. The Trial Court, because of that recommendation, after overruling their motion for a new trial, made it a part of the judgment that the workhouse sentence of Jim Crow and Newt Helton be suspended "upon payment of costs". It does not appear that either defendant applied for a suspended sentence. The State says that the appeal of these two men should be dismissed because, in the language of the State's brief, "by accepting such suspended sentence, they thereby waived their right to appeal from the judgment pronounced against them".

With the exception of the authority which may be given by Chapter 35 of the Acts of 1951, Code, Sec. 11802.2, and not applicable here, the Trial Judge's authority to suspend sentence, Section 11802.1 of the Code Supplement, is that this power "shall not be exercised unless the defendant or defendants making application for such

suspension and/or parole shall first either secure or pay all of the costs accrued at the instance of the state in the case in which he seeks a suspension and/or parole of his sentence.'' This language necessarily means that the power of the Court to suspend the sentence is limited to those cases in which a defendant does not exercise the right of appeal. The payment of costs, a prerequisite of the Court's authority to suspend sentence, is an act inconsistent with the act of appealing.

The recitations of the judgment with reference to the suspended sentence can, therefore, be construed only as an offer by the Trial Court to suspend the sentence of each of these two defendants on condition that he pay the costs mentioned by the statute. Instead of accepting this offer each of the defendants has appealed, thereby rejecting the offer. Each defendant had the right to appeal rather than to accept a suspended sentence. That part of the judgment with reference to the suspended sentence is, therefore, entirely ineffective.

The two insistences made by the assignments of error are that (1) venue was not proved and (2) the evidence preponderates against the verdict.

The prosecuting witness, Kendricks, at page 42 of the record, testified that the difficulty out of which these convictions resulted took place in Madison County, Tennessee.

The difficulty occurred in a pool room in Jackson. Randolph Kendricks, the prosecuting witness, and the defendant J. C. Helton and one Chris Hopper were gambling by means of a pool game. During the course of the game Kendricks slapped Hopper twice because of some disagreement between the two. According to the testimony of the witnesses introduced by the State, J. C. Helton thereupon struck Kendricks a violent blow on

the head with the heavy end of a billiard cue. Kendricks thereupon knocked Helton down, using his billiard cue. Jim Crow and Newt Helton, brothers of J. C. Helton, thereupon attacked Kendricks hitting him with their cues. While Kendricks was thus engaged with these two brothers J. C. Helton attacked Kendricks with a knife inflicting four rather severe wounds. A policeman in Jackson testified that about two weeks prior to this occurrence J. C. Helton had said to him, the policeman, that he, Helton, intended to ''get that fellow'', referring to Kendricks, because Kendricks ''had hit him with a stick one time while he was on the county road''.

The witnesses introduced by the defendant present a different version of the matter. According to their testimony Kendricks was the aggressor and J. C. Helton acted only to protect himself. The two brothers, according to their testimony, and that of one or two other witnesses, took no part whatever in the affair. One of them says that notwithstanding his knowledge of the fact that his brother and Kendricks were engaged in a fight he deliberately walked out of the pool room in order to stay out of the trouble. J. C. Helton denies the threat attributed to him by the policeman.

██ ██ It is elementary that the credit attributable to the testimony of a witness, nothing else appearing, is a matter for the determination of the jury and trial judge because of the fact that they face the witnesses and may observe their manner and demeanor as their testimony is given. There is nothing in this record which would justify this Court in making this case an exception to that elementary and fundamental rule. Moreover, attributing to each witness an intention to testify truthfully, we are, nevertheless, not able to conclude that the evidence preponderates against the verdict which the jury reached.

Hence, the assignment of error directed to the weight of the evidence must be rejected.

The judgment as to J. C. Helton will be modified so as to sentence him to a term in the penitentiary of not less than one year nor more than two years and one day, and, as so modified, will be affirmed.

The judgment as to Jim Crow Helton and Newt Helton will be modified so as to eliminate that portion of said judgment purporting to suspend the workhouse sentence. As so modified this judgment will be affirmed as to Jim Crow Helton and Newt Helton.