LEE MCINTURFF, Plaintiff in Error,

*v.*

STATE, Defendant in Error.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

Jack Vaughan, Johnson City, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Swepston delivered the opinion of the Court.

Before stating the question for solution, it is necessary to state the substance of this brief record. Lee McInturff, plaintiff in error hereinafter referred to as defendant,

was convicted for possessing whisky and was ordered to pay a fine of $150 and costs. Thereupon he confessed judgment and secured his fine and costs with good sureties as provided by T.C.A. sec. 40-3202. Subsequently he moved for a new trial, which motion was overruled, an appeal was prayed and granted to the Supreme Court and an appearance bond given as provided in misdemeanor cases by T.C.A. sec. 40-3408.

Nothing further was done in regard to said appeal but at the subsequent term of the trial court an order was entered requiring his arrest and detention until he could pay or secure the aforesaid fine and costs and he was re-arrested and placed in jail until he did secure same. The court disallowed the motion to set aside said order, from which action the present appeal derives.

In behalf of the defendant it is insisted that the action of the trial judge was erroneous, as in violation of the rule laid down in two cases. In *Poteete v. State,* 68 Tenn. 261, and *Hamilton v. State,* 68 Tenn. 355, it is *Held* that if defendant gives the required sureties, he shall not be imprisoned, and the sureties stand in the place of personal confinement as a means of enforcing the collection of the fine and costs. Where a bond has been given for the fine and costs, and the defendant has been released, he cannot be re-arrested and remanded to prison, at a subsequent term, upon the failure of the sheriff to make the money out of him and the sureties. The only remedy is on the bond.

To the contrary, it is insisted in behalf of the State that this situation is controlled by *Helton v. State,* 195 Tenn. 491, 260 S.W.2d 260, and *Edgemon v. State,* 195 Tenn. 496, 260 S.W.2d 262. That is, it is insisted that the

perfecting of the appeal voided the order of the trial judge releasing the defendant when he provided bond with two sureties and confessed judgment for the fine and costs.

We think the insistence in behalf of the defendant is correct. The two cases relied on by the State relate to T.C.A. secs. 40-2901 and 2902 which relate to suspension of sentence and/or parole. The power granted the trial judge by that section of the Code which is Ch. 76, Acts of 1931, as later modified, makes it purely a matter of discretion with the trial judge as to whether or not he will grant a suspension of sentence or parole. In *Hooper v. State,* 201 Tenn. 156, 161, 297 S.W.2d 78, 81, it is said:

"Probation is conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing * * *".

Accordingly, it is *Held* in *Stanley v. State,* 171 Tenn. 406, 104 S.W.2d 819, that the Act does not authorize an application for parole or suspension of sentence pending an appeal of the case and that the trial court is correct in refusing to grant an appeal until after an application for clemency has been withdrawn. In the Helton case supra it is *Held* that the power of the court to suspend sentence is limited to those cases in which a defendant does not exercise the right of appeal.

To the contrary, T.C.A. sec. 40-3202 provides:

"In cases where a fine is assessed, the court shall allow the defendant to confess judgment for the fine and costs, with good sureties."

In *Halfacre v. State,* 112 Tenn. 609, 79 S.W. 132, it is *Held* that this section is mandatory and that the prisoner, in a case to which the statute applies, has the right to bring with him proper sureties and upon the confession of judgment by himself and sureties before the court for the fine and costs he must be discharged.

■ ■ Now, we think it is axiomatic that the defendant, having confessed judgment for the fine and costs, had no right of appeal, nor did the court have the power to grant such an appeal, because no one can appeal either in a criminal or a civil case from a verdict on a plea of guilty or a judgment based upon confession of liability. Therefore, the attempted appeal was a complete nullity and could by no means have any effect upon the status of the defendant who had secured his release as a matter of right by taking advantage of the absolute right provided him by said T.C.A. sec. 40-3202.

It will be noted that the following section, 40-3203, provides:

"If the fine and costs are not paid, or the judgment confessed, according to the provisions of sec. 40-3202, the defendant shall be imprisoned until the fine and costs are paid, or he is otherwise discharged by law."

Obviously, this last section and sec. 40-3204 have no application where the defendant has availed himself of sec. 40-3202.

■ While on the subject it might be well to add that upon appeal in a criminal case in the nature of a writ of error, neither party is required to give any security for costs or fine. Gilreath's History of a Lawsuit, Sec. 747.

The appeal bond is solely for the appearance of the defendant as provided in T.C.A. secs. 40-3406 and 40-3408 respectively in felony and misdemeanor cases. Nevertheless where a defendant has not availed himself of sec. 40-3202 to secure his release, he has a right of appeal and where the appeal is in the nature of a writ of error, it suspends the judgment at law (Gilreath, Sec. 445), so that no execution could be issued until the appeal were disposed of, even though there be no bond for the fine and costs.

*Halfacre v. State,* supra, is not contra to what has been said herein but is in accord therewith. There, the offer of bail was not such as was required by the statute and hence was void. Therefore, the defendant did have a right of appeal and did take the appeal. It was *Held* that the appeal was properly allowed and that the court was correct in not releasing the defendant on his tender of insufficient sureties on his bond offered under the provisions of sec. 40-3202 of the present code.

The result is that this defendant cannot be re-arrested and the only remedy is a civil matter on the bond heretofore given for fine and costs. The judgment below is reversed and proper judgment rendered.