STATE of Tennessee, Appellee,

v.

**Paula Kay COPELAND, Jeannette Sanders, and "The Lucky Lady," Appellants.**

Court of Criminal Appeals, at Jackson.

Feb. 1, 1983.

E.E. Edwards, III, Nashville, for appellants.

Dan L. Newsom, Asst. Dist. Atty. Gen., Memphis, for appellee.

## JUDGMENT AND OPINION

TATUM, Judge.

The State has filed a motion under Rule 7, T.R.A.P. seeking review of an order by the trial court refusing to require "The Lucky Lady" to make bonds securing the payment of fines, totaling $100,000, to stay executions. "The Lucky Lady," a business entity, was convicted under two indictments of violating the obscenity statute, T.C.A. § 39–3004, and a fine in the sum of $50,000 was imposed in each case. Jail sentences were imposed upon Copeland and Sanders. All defendants filed notices of appeal. The State moved the court to require "The Lucky Lady" to post a bond pursuant to Rule 62 of the Rules of Civil Procedure for a stay of execution pending appeal. The trial judge denied this motion on authority of *McInturff v. State,* 207 Tenn. 102, 338 S.W.2d 561 (Tenn.1960).

The *McInturff* court held that an appeal in the nature of a writ of error in a criminal case suspended the judgment so that no execution could be issued until the appeal was disposed of, even without a bond for fine and costs. The Legislature has since enacted T.C.A. § 40–24–105 which provides as follows:

"40–24–105. Collection of fines and costs.—(a) Unless discharged by payment or service of imprisonment in default of a fine, a fine may be collected in the same manner as a judgment in a civil action.

(b) Costs may be collected in the same manner as a judgment in a civil action, but shall not be deemed part of the penalty, and no person shall be imprisoned under this section in default of payment of costs.

(c) The district attorney general or the county or municipal attorney, as applicable, may, in his discretion, and must, upon order of the court, institute proceedings to collect said fine as a civil judgment in the court of appropriate jurisdiction."

The Tennessee Rules of Criminal Procedure make no provision with respect to the procedure for the collection of fine and costs. Except for § 40–24–105, there are no provisions in the statutes or appellate rules specifying procedure to be employed in the trial courts or appellate courts with respect to fines and appellate review of questions such as the one before us today. We therefore conclude that T.C.A. § 40–24–105(a) requires application of procedural rules applicable to money judgments in civil cases, though the fines were imposed in criminal cases. T.R.A.P. Rule 8 governs only the release of defendants pending appeal.

The modes of appeal permitted by the Tennessee Rules of Appellate Procedure do not provide for suspension of judgments pending appeal as did the applicable law governing appeals in the nature of a writ of error. Appeals in the nature of a writ of error were abolished by T.R.A.P. Rule 3(e), nullifying *McInturff* and like authorities.

Since T.C.A. § 40–24–105 places the judgment of a fine in the status of a judgment in a civil action, we hold that Rule of Civil Procedure 62 which governs stay proceedings to enforce a civil judgment, is applicable. Tennessee Rules of Appellate Procedure 7 provides for review of orders entered pursuant to Rule 62 of the Tennessee Rules of Civil Procedure. Though Rule 7 designates only the Supreme Court and Court of Appeals as forums in which motions may be filed for review of orders entered pursuant to Rule 62, we think that the rule is applicable to this court with

respect to a fine, since it is in the nature of a civil judgment. We hold accordingly.

For the foregoing reasons, we overrule the motion of "The Lucky Lady" to strike the State's motion filed pursuant to Rule 7, T.R.A.P. We sustain the motion of "The Lucky Lady" to strike certain portions of the State's motion as not being supported by the record. However, the portions stricken have no bearing on the issues.

We reverse the judgment of the trial court refusing to require a bond for a stay of execution on the judgments for fines. The issues presented by the motion are remanded to the trial court for further proceedings consistent with this opinion.

WALKER, P.J., and DWYER, J., concur.