IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1999 SESSION

FILED

October 8, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9812-CC-00485 |
| Appellee, | ) | |
| | ) | BEDFORD COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM CHARLES LEE, |
| JEROME PATRICK LYONS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:

FOR THE APPELLEE:

**DONNA HARGROVE**
District Public Defender

**A. JACKSON DEARING, III**
Assistant Public Defender
P.O. Box 1119
Fayetteville, TN 37334

**GREGORY D. SMITH**
One Public Square, Suite 321
Clarksville, TN 37040
        (On Appeal Only)

**PAUL G. SUMMERS**
Attorney General & Reporter

**MARK E. DAVIDSON**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**MIKE McCOWN**
District Attorney General

**WEAKLEY E. BARNARD**
Asst. District Attorney General
Marshall County Courthouse
Suite 407
Lewisburg, TN 37091

OPINION FILED:_____

AFFIRMED

**JOHN H. PEAY,**
Judge

**O P I N I O N**

On October 19, 1995, the defendant was convicted by a jury of speeding and sentenced to a term of twenty days on probation. On direct appeal, this Court affirmed the defendant's conviction. On February 23, 1998, the Tennessee Supreme Court denied the defendant permission to appeal.[1] On March 16, 1998, a probation violation warrant was filed. After an evidentiary hearing, the trial court revoked the defendant's probation. The defendant now appeals. After a review of the record and applicable law, we affirm the judgment of the trial court.

The defendant contends that the revocation of his probation was unwarranted under the facts and circumstances of this case. Specifically, he argues that he only received twenty days of probation, and as the revocation warrant was not filed until three years after his sentence was imposed, his sentence had expired before the revocation warrant was issued. According to the defendant, these facts render the "whole revocation process . . . moot." However, this issue was not raised at the trial court level and is, therefore, waived. See State v. Lunati, 665 S.W.2d 739, 749 (Tenn. Crim. App. 1983). In addition, we hold that when a defendant convicted of a misdemeanor and sentenced to probation appeals his conviction to the appellate courts of this state, his sentence is automatically stayed pending the outcome of his appeal. Cf. McInturff v. State, 338 S.W.2d 561, 563 (Tenn. 1960) (holding that where a defendant does not secure his release with a confession of judgment, he still has a right of appeal and, "where the appeal is in the nature of a writ of error, it suspends

---

[1] According to the defendant, he subsequently petitioned the United States Supreme Court. However, there is no evidence in the record that the United States Supreme Court issued a stay with regard to the defendant's case pursuant to 28 U.S.C.A. §2101(1994). In his reply brief, the defendant argues that "any action on this judgment should have been automatically stayed pending the decision to grant or deny certiorari by the U.S. Supreme Court. The revocation warrant was filed prematurely." However, the defendant has failed to cite any authority that would support this argument. As such, this issue is waived. Rules of the Court of Criminal Appeals of Tennessee 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988).

2

the judgment at law . . . so that no execution could be issued until the appeal were disposed of."). In the absence of such a rule, most appeals regarding misdemeanor convictions would be rendered moot by the time they reached this Court because the sentence would likely have already expired. As such, when the defendant in the case at bar appealed his misdemeanor conviction, his probationary sentence was stayed while his appeal was pending. Since the defendant appealed his sentence to the Tennessee Supreme Court, his sentence was stayed until that court issued a mandate with regard to his appeal. On February 23, 1998, the Tennessee Supreme Court denied the defendant permission to appeal, and a mandate in accordance with that order was issued on March 6, 1998. As such, the defendant's twenty day sentence had not yet expired when the probation revocation warrant was issued on March 16, 1998.

The defendant next contends that the trial judge abused his discretion by failing to recuse himself from the probation revocation proceeding. The defendant argues that recusal was proper because the trial judge made inappropriate comments to the jury at the defendant's original trial, directed the probation office to file a probation revocation warrant against the defendant, and ordered the defendant to serve his sentence in jail, without bond, after the defendant's probation was revoked.

We first note that a trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever his impartiality can reasonably be questioned. State v. Hines, 919 S.W.2d 573, 578 (Tenn. 1995). The decision of whether to grant a recusal rests within the discretion of the trial judge and will not be overturned on appeal unless clear abuse of that discretion appears on the face of the record. State v. Smith, 906 S.W.2d 6, 11 (Tenn.

3

Crim. App. 1995).

In the case at bar, the record does not establish that the trial judge was biased or prejudiced in any way. In reference to the comments deemed "inappropriate" by the defendant, the trial judge stated on the record that the remarks he made to the jury were in reference to his disagreement with the law, not the defendant. The trial judge further stated that he had "no personal animosity against [the defendant]." We also note that it is within a trial court's authority to cause a probation revocation warrant to be issued. See T.C.A. § 40-35-311(a). Based on the foregoing, we find that the trial judge did not abuse his discretion in refusing to recuse himself from the defendant's probation revocation hearing. This issue is without merit.

We note that the evidence at the probation revocation hearing established that the defendant violated the terms of his probation. The trial court, therefore, had the authority to revoke his probation. See T.C.A. § 40-35-311(d). The record does not indicate that the trial judge abused his discretion in exercising such authority.

Accordingly, we affirm the judgment of the court below.[2]

_____
JOHN H. PEAY, Judge

_____

[2] We note that several other issues are raised in a pro se appellate brief filed by the defendant. However, a person may not proceed with counsel and pro se at the same time. State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976). Therefore, the pro se appellate brief and the issues raised therein will not be considered by this Court.

4

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOHN EVERETT WILLIAMS, Judge